Cary STALEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–96–096CR.

Court of Appeals of Texas, Beaumont.

Submitted Nov. 13, 1998.

Decided Nov. 18, 1998.

Marva Provo, Beaumont, for appellant.

Tom Maness, Crim. Dist. Atty., Rodney D. Conerly, Asst. Crim. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., BURGESS, and STOVER, JJ.

## OPINION ON REMAND

DON BURGESS, Justice.

Cary Staley appealed his conviction by a jury of possession of crack cocaine. Staley pleaded true to a prior conviction and the jury assessed punishment at fifteen years' confinement in the Texas Department of Criminal Justice—Institutional Division and a fine of $6,000. Staley presented a single point of error on appeal alleging the trial court erred in failing to suppress certain evidence. We reversed the conviction and remanded for a new trial. *Staley v. State,* 952 S.W.2d 590 (Tex.App.—Beaumont 1997). The Texas Court of Criminal Appeals reversed and remanded the cause to this court for our reconsideration of this point of error in light of their decision in *Woods v. State,* 956 S.W.2d 33 (Tex.Crim.App.1997). *Staley v. State,* 966 S.W.2d 524 (Tex.Crim.App. 1998).

■ In *Woods,* the court held the construct "as consistent with innocent activity as with criminal activity" was no longer a viable test for determining reasonable suspicion. *Woods,* 956 S.W.2d at 38. A determination of reasonable suspicion is to be made by examining the totality of the circumstances. *Id.* In a case involving the seizure of personal property, the officer's suspicion will be justified if he has specific articulable facts, which taken together with rational inferences from those facts, lead him to conclude the personal property contains contraband or evidence of a crime. *See United States v. Place,* 462 U.S. 696, 702, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983) and *Woods,* 956 S.W.2d at 38–39. Absent the "as consistent with innocent activity" construct, we find the record contains evidence of specific facts, articulated by Officer Chadney, giving rise to a reasonable suspicion that the pill bottle contained contraband.

*See Staley,* 952 S.W.2d. at 590. The point of error is overruled.

The judgment of the trial court is AFFIRMED.