Tony Sherman KING, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–98–00198–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 7, 2000.

Gerald B. Scheve, Houston, for Appellant.

Carmen Castillo Mitchell, John B. Holmes, Houston, for State.

Panel consists of Justices O'CONNOR, NUCHIA, and DUGGAN.*

## OPINION

LEE DUGGAN, Jr., Justice, Assigned.

Appellant, Tony Sherman King, was convicted of the misdemeanor offense of possession of less than two ounces of marihuana. After his pre-trial motion to suppress evidence was overruled, he pled guilty pursuant to a plea bargain agreement in which his punishment was set at deferred adjudication community supervision for one year and a fine of $300. Appellant reserved the right to appeal the denial of his motion to suppress. In a single point of error, he asserts the trial court erred in denying his motion to suppress. We affirm.

### I.

#### FACTUAL BACKGROUND

Houston Police Officer Oscar Maldonado was patrolling in his marked police car in Houston when he saw appellant in a pickup truck stopped in the middle of the road

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

on a cross street. Because there was no stop sign on that block, Maldonado believed appellant was committing a traffic violation by blocking a moving lane of traffic in the middle of the street. Several men who were standing around the passenger side of the truck ran away when Maldonado drove up. Appellant drove away. Maldonado was suspicious that a drug deal was in progress because his experience was that the behavior of appellant and the pedestrians was consistent with persons making a drug transaction. Maldonado stopped appellant's truck, walked up to the driver's side, and asked for appellant's driver's license and insurance, which appellant provided.

Maldonado questioned appellant regarding his destination; his suspicion was enhanced because appellant was not on a direct route to his stated destination. Maldonado determined by radio that there were no outstanding warrants for appellant's arrest and then asked appellant's female passenger whether she had identification; she said she did not. After Houston Police Officer Cardenas arrived, Maldonado asked the passenger to come with him to his patrol car so that he could pull up her name on the computer. As she stepped out of the truck, a black 35 mm film container fell to the ground. She appeared to be nervous after the container fell, looked at the officers, her eyes widened, and she threw the container back inside the truck.[1] Cardenas walked to the driver's side and asked appellant, "What was that?" and "Can I see it?" Appellant said nothing, but fumbled around inside the truck. Cardenas testified he could see the container and that appellant was avoiding the container.

Cardenas asked appellant to step out of the truck, reached into the truck, picked up the container, and shook it. It did not sound like a roll of film and Cardenas could smell marihuana. He opened it and

saw that it contained marihuana in an amount later determined to be 5.2 grams. Appellant admitted it was his and was arrested.

Appellant's motion to suppress the evidence of contraband was overruled after a hearing.

## II.

### STANDARD OF REVIEW

▬▬▬ We review a trial court's ruling on a motion to suppress for abuse of discretion. *See, e.g., Long v. State,* 823 S.W.2d 259, 277 (Tex.Crim.App.1991). When, as here, the trial court does "not make explicit findings of historical fact," we view "the evidence in a light most favorable to the trial court's ruling." *Carmouche v. State,* 10 S.W.3d 323, 327–28 (Tex.Crim.App.2000). More specifically, "we will assume that the trial court made implicit findings of fact supported in the record that buttress its conclusion," reviewing the trial court's application of the relevant Fourth Amendment standards *de novo. Id.* At the suppression hearing, "the trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses as well as the weight to be given their testimony at a hearing on a motion to suppress." *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990).

## III.

### DISCUSSION

**A. Whether Maldonado was justified in detaining appellant**

To determine if a traffic stop detention is constitutionally permissible, we apply the guidelines articulated in *Terry v. Ohio* to determine whether the officer's action (1) was justified from its inception, and (2) was reasonably related in scope to the circumstances initially justifying the interference. *See Davis v. State,* 947 S.W.2d

---

1. Maldonado testified that Cardenas handed the film container to the passenger while Cardenas testified that he watched as she picked up the container herself. Both officers, however, agree that she threw the container back into the truck.

240, 242 (Tex.Crim.App.1997) (citing *Terry v. Ohio*, 392 U.S. 1, 19 20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968)).

Here, Maldonado testified that he stopped appellant both because appellant "was blocking a moving lane of traffic in the middle of the street" and because the behavior of appellant and the pedestrians suggested to him that they were engaged in a drug transaction. Because we find that Officer Maldonado articulated a reasonable basis sufficient to support a brief investigative detention apart from the possible traffic violation, we do not consider the reasonableness of the traffic stop.

The Texas Court of Criminal Appeals stated in *Rhodes v. State*:

> The Fourth Amendment does not forbid "all searches and seizures, but unreasonable searches and seizures." The Supreme Court has held police officers may stop and briefly detain persons reasonably suspected of criminal activity even if probable cause to arrest is not then present. This Court has held that passengers in an automobile are subject to temporary investigative detentions in the same manner as pedestrians.

945 S.W.2d 115, 117 (Tex.Crim.App.1997) (citations omitted).

■ To conduct an investigative detention the investigating officer must have "a reasonable suspicion, based on specific articulable facts that, in light of the officer's experience and general knowledge, would lead the officer to the reasonable conclusion that criminal activity is underway and the detained person is connected to the activity." *Willhite v. State*, 937 S.W.2d 604, 606 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd); *see also Holladay v. State*, 805 S.W.2d 464, 470–71 (Tex.Crim. App.1991).

■ Here, Officer Maldonado testified that, based on his experience with prior arrests he had made in the same area, his suspicions were aroused by appellant's behavior because

[T]hat's very common how the drug transactions take place. They will stop in the middle of the street, they'll have some males that will go up to the passenger or driver's side of the vehicle, and the transaction will take place that way, right there in the middle of the street.

He also testified that his suspicions were further aroused when the pedestrians ran away as he pulled up behind them, because they would not have had a reason to run if they had done nothing wrong, and because he had observed men run away on other arrests he had made. On cross-examination, Maldonado clarified that he patrolled the area every day.

■ Officer Maldonado articulated specific facts that provided him with a reasonable suspicion (*i.e.*, that appellant was involved in an illegal drug transaction) sufficient to detain appellant briefly for an investigative detention. These facts were: (1) that appellant stopped his truck in the middle of the street while pedestrians stood around the car; (2) that the men ran away as Maldonado pulled up behind the truck; and (3) that Maldonado knew from experience that these activities were consistent with drug transactions in the area. Pursuant to this investigative detention, Maldonado was entitled to briefly question appellant regarding his identity, itinerary, and immediate · activity. *See generally Hoag v.. State*, 728 S.W.2d 375, 380 (Tex.Crim.App.1987) (observing that, "[c]onsistent with the Fourth Amendment, a police officer may briefly stop a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information"); *see also Amores v. State*, 816 S.W.2d 407, 412 (Tex.Crim.App.1991) (an investigative detention occurs when "the police are allowed to briefly question a suspicious person respecting his identity, his reason for being in the area or location, and to make similar inquiries of a truly investigatory nature").

Once Maldonado pulled appellant over, his suspicions were further roused by appellant's responses to his questioning. Maldonado testified that, in response to a query about his destination, appellant stated "he had just left a glass company on Houston Avenue and was going over to North Shepherd," and said that he made no stops between the glass company and where Maldonado stopped him. This explanation alerted Maldonado's suspicions because appellant was not on a direct route between the two locations.

Maldonado's suspicion of illegal activity grew when he questioned appellant about the men who were standing around his vehicle, and appellant answered that the men had walked up to his truck and stopped him. This explanation was inconsistent with what Maldonado had seen— men standing around the truck and hanging in the window on the passenger's side. These discrepancies provided Maldonado with a continuing basis for detaining appellant while he checked appellant's license for outstanding warrants. Maldonado testified that his radio check showed appellant was "clear" on warrants.

**B. Whether Maldonado was justified in asking appellant's passenger to get out of the truck.**

Appellant argues that the investigative detention of his passenger was excessive in scope. Maldonado testified that he asked appellant's passenger to get out of the truck and come to the police car, both for officer safety and to avoid walking back and forth between the vehicles to confirm the passenger's description based upon her stated identity. Maldonado also testified that the pedestrians were hanging in the window on the passenger's side of the truck as he approached. Viewed in the necessary light, this testimony connected the passenger to the suspicious activity Maldonado was investigating. We hold that Maldonado's observations gave him a reasonable basis to conduct an investigation of appellant's passenger.

The Fourteenth Court of Appeals found that the "brief investigative detention" of a vehicle's occupants, *including* the appellant passenger, was permissible after the investigating officer validly stopped the vehicle for a traffic offense, because of his "observations of suspicious activity by the occupants of the vehicle before and after the stop, combined with his knowledge of the area and the frequency of crime in the area, and the reasonable inferences to be drawn from the behavior of the occupants of the vehicle." *Valencia v. State*, 820 S.W.2d 397, 400 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd); *see also Rhodes v. State*, 945 S.W.2d 115, 117 (Tex.Crim.App. 1997) (stating that *"passengers* in an automobile are subject to temporary investigative detentions in the same manner as pedestrians") (emphasis added); *Graham v. State*, 893 S.W.2d 4, 7 (Tex.App.—Dallas 1994, no pet.) (observing that, as part of an investigative detention, "an officer may ask that an individual step out of the automobile").

Assuming *arguendo* that appellant had standing to contest Maldonado's investigation of his passenger, we find that Maldonado was justified in asking the passenger to step out of the truck for a background check as part of the investigative detention.

**C. Whether the seizure of the film cannister was excessive**

Finally, appellant argues that the seizure of the black film container from his truck was excessive. After he asked appellant to step out of the truck, Cardenas reached inside the truck and pulled out the container, which was in his plain view. The contents did not sound like film when he shook the container, and it smelled like marihuana. Once Officer Cardenas smelled what he believed from his professional experience to be marihuana, he had probable cause to open the container. *See, e.g., Moulden v. State*, 576 S.W.2d 817, 819–20 (Tex.Crim.App.1978) (determining that a trained police officer's smelling burnt marihuana provides, by itself, proba-

ble cause to search a vehicle). Therefore, the only remaining question is whether he was legally entitled initially to reach into appellant's truck and seize the film container.

██ The Fourth Amendment's prohibition against unreasonable searches and seizures applies to property as well as persons. *See, e.g., Clewis v. State,* 922 S.W.2d 126, 163 (Tex.Crim.App.1996). In *Davis v. State,* the Texas Court of Criminal Appeals held that, "[w]hile a *Terry* stop is traditionally considered in the context of a seizure of the person, the Supreme Court has extended *Terry* to personalty as well." 947 S.W.2d 240, 243 (Tex.Crim.App.1997). *Davis* cautioned that, "for an intrusion on such personalty, reasonable suspicion is required and, even if reasonable suspicion exists, the detention must be temporary and last no longer than necessary to effectuate the purpose of the intrusion." *Id.* at 244.

Under facts similar to ours, the Beaumont Court of Appeals in *Staley v. State* said that the temporary seizure of an opaque container was supported by reasonable suspicion. 980 S.W.2d 528, 529 (Tex.App.—Beaumont 1998, no pet.). Originally, the Beaumont court had decided differently. *See Staley v. State,* 952 S.W.2d 590 (Tex.App.—Beaumont 1997), *rev'd,* 966 S.W.2d 524 (Tex.Crim.App.1998). In the first *Staley* decision, the court noted that a police officer had seized a white pill bottle from within a vehicle without the owner's permission. 952 S.W.2d at 592. The appellant, both a passenger and the owner of an automobile pulled over for a traffic violation, opened the glove compartment to produce the car's insurance card. *Id.* He pulled out a small white pill bottle and a sales receipt for the vehicle, handed the receipt to the officer, attempted to "palm" or conceal the bottle, and moved it to the crook of his chest and left arm. *Id.* The driver became nervous and evasive in his answers, and the officer asked both individuals what they were hiding; to which they replied, "nothing." *Id.* The

officer thought the bottle might contain contraband, seized it, and noted a white residue he believed to be cocaine. *Id.* He then shook the bottle, which made a sound like rocks knocking together—a sound "consistent with rocks of crack cocaine." *Id.* After other officers arrived, he opened the bottle and found nine rocks of what was later identified as crack cocaine. *Id.*

As in our case, the court's analysis turned on the initial seizure or detention of the bottle from the vehicle. *Id.* at 592–93. In *Staley,* the State asserted the following factors indicating the officer had a reasonable suspicion that the bottle contained contraband:

(1) the nervousness of the driver;

(2) [the appellant]'s activities with the bottle: reaching inside of the glove box, trying to hide the bottle, putting the bottle in the crook of his arm, and

(3) the possibility [the appellant] could have thrown the bottle out of the window [if the bottle had not been seized].

*Id.* at 592–93. After rejecting the third factor as a basis for establishing the officer's reasonable suspicion, the possibility that the appellant might throw away the bottle, the *Staley* court determined that the officer lacked a reasonable suspicion that the bottle contained contraband because the behavior of the appellant and the driver was "as consistent with innocent activity as with criminal activity." *Id.* at 593.

The Texas Court of Criminal Appeals, however, reversed and remanded the decision in light of its decision in *Woods v. State,* 956 S.W.2d 33 (Tex.Crim.App.1997). *See Staley,* 966 S.W.2d at 525. *Woods* rejected the "as consistent with innocent activity as with criminal activity" test and held,

> [T]he reasonableness of a temporary detention must be examined in terms of the totality of the circumstances and will be justified when the detaining officer

has specific articulable facts, which taken together with rational inferences from those facts, lead him to conclude that the person detained actually is, has been, or soon will be engaged in criminal activity.

*Woods,* 956 S.W.2d at 38. On remand, the court of appeals determined that "the record contains evidence of specific facts, articulated by [the officer who opened the bottle], giving rise to a reasonable suspicion that the pill bottle contained contraband." *Staley,* 980 S.W.2d at 529.

 Following the second *Staley* decision (and consistent with *Woods* ), we therefore must decide whether, under the totality of the circumstances, Officer Cardenas had a reasonable suspicion that the film cannister contained contraband. Officer Cardenas enunciated the following facts at appellant's suppression hearing:

(1) appellant's car was stopped in the road and pedestrians fled from the truck when Maldonado approached, indicating illegal activity;

(2) a black film container, which Cardenas knew from experience was used to store narcotics, fell out of the truck;

(3) the passenger looked nervous after the container fell out, looked at the officers, her eyes widened, and she threw the container back into the truck; and

(4) when Cardenas asked appellant what the container was and asked to see it, appellant fumbled around in the truck "trying to avoid the container," when Cardenas could see the container in plain view.

Though none of these events might independently suffice to do so, we conclude that under the totality of the circumstances these facts were sufficient to support a reasonable, articulable suspicion that the film container contained contraband. Once Officer Cardenas had a reasonable suspicion that the container contained contraband, he was justified in temporarily seizing it for the purposes of a limited investigative detention of the property. And, after shaking the container and smelling what he deemed in his professional experience to be marihuana, he had probable cause to open the container.

We hold the trial court did not abuse its discretion in denying appellant's motion to suppress the contraband.

The point of error is overruled.

The judgment is affirmed.