Opinion issued May 16, 2002






 







In The

Court of Appeals

For The

First District of Texas






NO. 01-00-01088-CR






SCOTT DOYCE BOOTY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 176th District Court

Harris County, Texas

Trial Court Cause No. 838,432

 





O P I N I O N


 Appellant, Scott Doyce Booty, pleaded guilty to the felony offense of driving
while intoxicated (DWI). Pursuant to a plea-agreement, the trial court assessed
punishment at 10 years probation, a $2,500 fine, 350 hours of community service, and
10 days confinement. In six points of error, appellant appeals the trial court's denial
of his motion to suppress evidence, contending the police did not have reasonable
suspicion to stop him and there was no probable cause to arrest him. We affirm.

Facts

 Gene Hall testified that he was in his car at a stop light on a highway feeder
road in Harris County, Texas at approximately 11:45 p.m. when appellant's truck hit
his car from behind. When both drivers got out of their cars, Hall noticed appellant
was unsteady and smelled of alcohol. Hall asked appellant for proof of insurance,
and appellant gave Hall an expired insurance card. Hall then asked for a recent
insurance card and appellant's driver's license, and appellant returned to his truck. 
As appellant looked for the card, Hall told him that he was calling the police, and Hall
went to his car to get his mobile phone. When Hall got to his car, appellant drove
away from the scene.

 Hall called the Harris County Constable's Office, Precinct 4, and told the
dispatcher he had been involved in a minor accident; there were no physical injuries;
there appeared to be no property damage; and, appellant had fled the scene. He gave
the dispatcher appellant's license plate number and a description of appellant's car,
Hall's car, and appellant. Hall did not, however, identify himself to the dispatcher. 
Hall followed appellant into a nearby neighborhood. During the pursuit, Hall
continued to provide the dispatcher with his location. Appellant stopped his truck for 
5 or 10 minutes, and Hall parked nearby. When appellant started driving again, Hall
called the dispatcher back. He followed the appellant as he exited the neighborhood,
sped down the road, and pulled into an industrial park. Hall stopped at the industrial
park's entrance because the road was a dead-end and he expected appellant to turn
around.

 Harris County Deputy Constable James Blackledge testified he was dispatched
to investigate appellant for failing to stop and give information after an accident. The
dispatcher provided him with appellant's license plate number and a general
description of the vehicles involved and the suspect and told him appellant had fled
the scene. Deputy Blackledge received continuous updates from the dispatcher as to
Hall's and appellant's locations, eventually locating both vehicles when they exited
the neighborhood, and he began his pursuit.

 When he arrived at the industrial park, Deputy Blackledge got out of his car,
drew his weapon, and told appellant to stop his truck. Appellant stopped and got out
of his truck. Deputy Blackledge handcuffed appellant, searched appellant for
weapons or contraband, smelled a very strong odor of alcohol on appellant, and
placed appellant in the rear seat of the patrol car. He testified he handcuffed appellant
and placed him in the patrol car to ensure his own safety because he was alone with
appellant, appellant fled from the other scene, and appellant was belligerent struggled
with him. Deputy Blackledge read appellant his rights, and appellant said he
understood his rights and then admitted drinking between six and eight beers that
evening.

 Harris County Constable Corporal Young arrived approximately 10 minutes
after Deputy Blackledge detained appellant and administered field sobriety tests. 
Appellant failed the tests and was arrested.

Motion to Suppress

 Appellant argues the trial court erred in denying his motion to suppress both
his statement that he drank alcohol that evening and the results of the field sobriety
tests. In reviewing the trial court's ruling on the motion to suppress evidence, we
apply a bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex.
Crim. App. 2000). We will give almost total deference to the trial court's
determination of historical facts, while we conduct a de novo review of the trial
court's application of the law to those facts. Id. During a motion to suppress hearing,
the trial court is the sole trier of fact; accordingly, the trial judge may choose to
believe or disbelieve all or any part of a witness's testimony. See State v. Ross, 32
S.W.3d 853, 855 (Tex. Crim. App. 2000); King v. State, 35 S.W.3d 740, 742 (Tex.
App.--Houston [1st Dist.] 2000, no pet.). When, as here, no findings of fact are filed,
we must view the evidence in the light most favorable to the ruling and sustain the
decision if it is correct on any applicable theory of the law. Ross, 32 S.W.3d at 855-56; King, 35 S.W.3d at 742.

Reasonable Suspicion to Detain

In points of error four, five, and six, appellant contends the stop was unlawful
because Deputy Blackledge did not possess reasonable suspicion that he was involved
in any unlawful activity. He contends the detention was in violation of the Fourth
Amendment of the United States Constitution (1) and Article 1, section 9, of the Texas
Constitution, (2) and that any evidence procured as a result of the illegal stop should
have been excluded under Article 38.23 of the Texas Code of Criminal Procedure. (3)

 A police officer may stop and briefly detain persons suspected of criminal
activity if the officer possesses a reasonable suspicion to justify the investigative
detention. Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). In
determining the reasonableness of the investigative stop, we examine the totality of
the circumstances. See Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). 
We look to the facts available to the officer at the time of the stop to determine if a
reasonable suspicion existed. Davis, 947 S.W.2d at 243.

Appellant specifically argues: (1) Hall's tip was anonymous and insufficient
to establish reasonable suspicion; (2) the information Hall relayed to Deputy
Blackledge was as consistent with innocent activity as with criminal activity; and (3)
appellant's failure to provide Hall with information did not violate the Transportation
Code requirement that a motorist involved in a traffic accident stop and give
information. (4)

First, an anonymous tip alone will not generally establish the level of suspicion
required to justify a detention. Florida v. J.L., 529 U.S. 266, 270, 120 S. Ct. 1375,
1378 (2000); Guevara v. State, 6 S.W.3d 759, 763 (Tex. App.--Houston [1st Dist.]
1999, pet. ref'd). However, in some circumstances, investigative stops based on
unsolicited reports from private citizens constitute a sufficient basis for a detention. 
See State v. Fudge, 42 S.W.3d 226, 232 (Tex. App.--Austin 2001, no pet.); see also
State v. Garcia, 25 S.W.3d 908, 913 (Tex. App.--Houston [14th Dist.] 2001, no pet.);
State v. Stolte, 991 S.W.2d 336, 342-43 (Tex. App.--Fort Worth 1999, no pet.) (held
traffic stop justified based on tip from anonymous informant who witnessed erratic
driving, called police on cellular phone, followed vehicle, and waited at scene when
stop made). When an anonymous informant places himself in a position to be easily
identified and held responsible for the information given, the reliability of the
information provided increases and may thereby justify an officer's detention of a
suspect. Garcia, 25 S.W.3d at 913; Stolte, 991 S.W.2d at 342.

Here, Hall called the dispatcher and provided a description of appellant's car,
his car, appellant, and the license plate number of appellant's car. He did not identify
himself; however, he stayed in contact with the dispatcher and continued to provide
the dispatcher with an updated location as he pursued appellant. When Hall
disconnected with the dispatcher after appellant temporarily stopped in the residential
subdivision, he remained at the scene and waited for the police to arrive. He called
the dispatcher back when appellant drove away and followed appellant until he was
detained by Deputy Blackledge. Hall remained at the scene and provided information
to the officers. Hall's conduct as an informant demonstrated a level of reliability
sufficient for Deputy Blackledge to use Hall's information in determining the
existence of reasonable suspicion sufficient to detain appellant. See Stolte, 991
S.W.2d at 342; Cf. Davis v. State, 989 S.W.2d 859, 864-65 (Tex. App.--Austin 1999,
pet. ref'd) (anonymous tip insufficient to justify stop when informant called from cell
phone and did not appear at scene of detention and identify himself); Stewart v. State,
22 S.W.3d 646, 650 (Tex. App.--Austin 2000, pet. ref'd) (anonymous tip that driver
was intoxicated not sufficient to justify detention when identity of informant never
determined).

Second, with respect to appellant's argument that the information available to
Deputy Blackledge at the time of the detention was equally consistent with innocent
activity as with illegal activity, we note that we no longer determine reasonable
suspicion in this manner; rather, we consider the totality of the circumstances. 
Woods, 956 S.W.2d at 38, overruling Montano v. State, 843 S.W.2d 579 (Tex. Crim.
App. 1992).

Third, appellant argues he did not violate any law because no law required him
to provide information to Hall. The Transportation Code provides that if he was
involved in an accident that did not cause injury or death to a person, but did cause
damage to Hall's car, he was required to stop and supply Hall with his vehicle
registration number, name and address, and his vehicle liability insurer. See Tex.
Trans. Code Ann. §§ 550.022 - 550.023 (Vernon 1999). Hall testified he sustained
no physical injuries as a result of the accident, and he also testified there "appeared"
to be no damage to his car. Appellant argues that, because there was no damage to
Hall's person or car, he was not required to give Hall any information. He also
argues, in the alternative, that the expired insurance card he provided to Hall met the
identification requirements of the statute. The State contends the information must
be recent or the statute is violated.

We need not determine the requirements of the statute. What is significant is
the information Deputy Blackledge possessed when he stopped and detained
appellant. See Davis, 947 S.W.2d at 243. Here, Hall testified about the information
he provided the dispatcher, and Deputy Blackledge testified about the information he
received from the dispatcher. (5) While the evidence indicates Hall informed the
dispatcher there were no injuries and there appeared to be no property damage,
Deputy Blackledge did not testify he was aware of these specific facts. At the time
Deputy Blackledge stopped appellant, he knew there had been an accident and
appellant had left the scene without providing Hall with the information he requested. 
Given the totality of the circumstances, there was a reasonable suspicion appellant
had committed the offense of failing to stop and give information.

While detaining appellant, Deputy Blackledge began a DWI investigation
because he had seen appellant operate his truck, he smelled a strong odor of alcohol
on appellant, and he knew appellant had left the scene of an accident. These facts
provided sufficient reason for Deputy Blackledge to further detain and investigate
appellant for DWI. See Id.; see also Stoutner v. State, 36 S.W.3d 716, 720 (Tex.
App.--Houston [1st Dist.] 2001, pet. ref'd) (held seeing suspect drive car and
smelling alcohol on his breath enough to start DWI investigation).

Thus, the trial court did not err in denying appellant's motion to suppress the 
evidence on the basis of appellant's initial detention.

We overrule appellant's points of error four, five, and six.

Probable Cause to Arrest for DWI

In points of error one, two, and three, appellant contends he was unlawfully
arrested in violation of the Fourth Amendment of the United States Constitution and
article 1, section 9, of the Texas Constitution because Deputy Blackledge did not see
him commit any offense; therefore, he lacked sufficient probable cause to effect a
warrantless arrest. Appellant also argues any evidence obtained as a result of the
improper arrest should be excluded under Article 38.23 of the Code of Criminal
Procedure. Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon Supp. 2002).

Appellant characterizes his initial "investigative detention" as an "arrest"
requiring probable cause. We disagree with appellant's characterization. Appellant
argues he was arrested when Deputy Blackledge told him to get out of his truck,
frisked and handcuffed him, and placed him in the patrol car. His argument is based
on article 15.22 of the Code of Criminal Procedure, that defines when a person is
arrested in Texas. Tex. Code Crim. Proc. Ann. art. 15.22 (Vernon 1977). This
Court has held that "the article 15.22 arrest definition is inadequate, by itself, to be
used as the standard for distinguishing arrests from investigative detentions." Francis
v. State, 896 S.W.2d 406, 410 (Tex. App.--Houston [1st Dist.] 1995, pet. dism'd). 
We distinguish arrests from investigative detentions based on the totality of the
circumstances. Woods, 956 S.W.2d at 38; Francis, 896 S.W.2d at 410.

As stated above, Deputy Blackledge had reasonable suspicion to legally detain
appellant. We consider now whether there was probable cause to arrest appellant for
DWI at the conclusion of the investigative detention.

 Article 14.01(b) of the Texas Code of Criminal Procedure provides a police
officer may arrest an individual without a warrant for any offense committed in his
presence or view. Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon Supp. 2002). 
The test of probable cause for a warrantless arrest is whether, at the moment of arrest,
the facts and circumstances within the officer's knowledge and of which he had
reasonably trustworthy information were sufficient to warrant a prudent man in
believing that the arrested person had committed or was committing an offense. 
Jones v. State, 746 S.W.2d 281, 284 (Tex. App.--Houston [1st Dist.] 1988, pet.
ref'd). The determination of probable cause at the time of the questioned action is
viewed from the "totality of the circumstances." State v. Lopez, 763 S.W.2d 939, 943
(Tex. App.--Houston [1st Dist.] 1989, pet. ref'd). Here, despite appellant's claims
to the contrary, Deputy Blackledge did see appellant drive his truck when appellant
exited the neighborhood and when he arrived at the industrial park. He (1) smelled
a strong odor of alcohol on appellant's breath, (2) heard appellant admit he drank six
to eight beers that evening, and (3) knew appellant failed his field sobriety tests. This
evidence was sufficient to show Deputy Blackledge had probable cause to believe
appellant committed the offense of DWI in his presence and to justify appellant's
warrantless arrest.

Thus, the trial court did not err in denying appellant's motion to suppress
evidence on the basis of appellant's arrest.

We overrule points of error one, two, and three.

Conclusion

 We affirm the judgment of the trial court.

 


 Davie L. Wilson

 Justice

 

Panel consists of Justices Hedges, Jennings, and Wilson. (6)


Do not publish. Tex. R. App. P. 47.4.
1. 
2. § 
3. 
4. § 
5. 
6.