Opinion issued May 30, 2002







 






In The

Court of Appeals

For The

First District of Texas






NO. 01-00-01291-CR






SYLVESTER V. BLOUNT, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 830,742






O P I N I O N


 Appellant, Sylvester V. Blount, was charged by indictment with the offense of
aggravated robbery. He pleaded not guilty to the underlying offense and filed his
motion to suppress certain evidence. The trial court heard and denied his motion
during the course of the trial. A jury convicted appellant, assessed punishment at 40
years confinement, and fined him $5,000. We affirm. 

Facts

 On December 9, 1999, at approximately 1:40 a.m., Michael Spiers arrived at
his company's Houston plant to complete a delivery. Spiers parked, got out of his
truck, and walked toward the building's entrance. When he was about 15 feet from
the entrance, two men got out of their car and ran to him. One of the men pointed a
short-barreled shotgun at Spiers and demanded all of his money. Spiers gave the men
approximately $35 from his wallet, and the men ran to their car and drove from the
scene of the robbery. Spiers went inside the building and called 911.

 Houston Police Officer Curtis Thomas was dispatched to the building and
arrived within 15 minutes of Spiers's call to the dispatcher. Spiers testified two black
males in their late teens or early twenties had robbed him. Spiers testified he told
Officer Thomas that the man holding the shotgun wore a yellow and blue jacket and
the robbers drove a large, white, four-door car. Officer Thomas testified Spiers
described the jacket as blue with white stripes and was "something towards a
Michigan type jacket." He also testified Spiers described the car as a white, four-door
car, possibly a Ford. On cross-examination, Spiers testified he did not know the type
of the car when he first described it to Officer Thomas, and he did not describe the
jacket as a Michigan jacket. Officer Thomas, on cross-examination, testified Spiers
did tell him the car was possibly a Ford; Spiers said appellant wore a "Michigan type
jacket"; and he assumed Spiers meant the jacket had University of Michigan colors
when he said "Michigan type."

 Officer Thomas reported Spiers's description to the dispatcher and began to
patrol the area near the robbery. Within a mile of the robbery scene, and within 30
minutes of the robbery, Officer Thomas saw three black men driving a white, four-door Ford Taurus. Officer Thomas followed the car between 5 and 10 minutes. 
During that time, he saw the two passengers make "rapid movements," "jump
around," and "duck." Officer Thomas also saw the driver make two turns that he
characterized to be "irrelevant" before the driver pulled into a driveway and parked
the car. 

 Officer Thomas parked, got out of his car, drew his gun, and told the three men
to get out of their car, one at a time. (1) Officer Thomas testified he believed the men
were involved in the robbery and he feared they may have weapons with them. 
Officer Thomas found a jacket in the back seat of the suspects's car that matched
Spiers's description.

 Between 30 and 45 minutes after the robbery, Officer Thomas returned to the
plant and drove Spiers to appellant's location. Spiers identified appellant as the
gunman and the man wearing the jacket. Spiers also identified the car as the same car
driven by the robbers. Based on Spiers's identification, appellant was arrested. 
Spiers, however, could not identify the two other men, and they were later released. 

 Officer Thomas then went to the address listed on appellant's driver's license. 
Tuesday Blount, appellant's mother, gave written consent for the officers to search
her home, and police found a short-barreled shotgun under appellant's bed. (2) Spiers
identified this shotgun as the gun used during the robbery. Ms. Blount told police
neither she nor appellant owned a gun. She also told police that appellant no longer
lived at her house; he had not lived at her house for two or three weeks; he was not
allowed in the house; and he did not have a key for the house. She also testified,
however, that although she did not let appellant into the house that evening, it was
possible that somebody else in the house could have done so without her knowledge. 



Discussion

Reasonable Suspicion to Stop

In point of error one, appellant contends the trial court erred in denying his
motion to suppress Spiers's identification of him and the shotgun because Officer
Thomas did not possess reasonable suspicion to stop him. He contends the stop
violated the Fourth Amendment of the United States Constitution and Article 1,
section 9 of the Texas Constitution, and the evidence should be excluded under
Article 38.23 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc.
Ann. art. 38.23 (Vernon Pamp. 2002).

In reviewing the trial court's ruling on the motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We will give almost total deference to the trial court's determination of
historical facts, while we conduct a de novo review of the trial court's application of
the law to those facts. Id. During a motion to suppress hearing, the trial court is the
sole trier of fact; accordingly, the trial judge may choose to believe or disbelieve all
or any part of a witness's testimony. See State v. Ross, 32 S.W.3d 853, 855 (Tex.
Crim. App. 2000); King v. State, 35 S.W.3d 740, 742 (Tex. App.--Houston [1st Dist.]
2000, no pet.). When, as here, no findings of fact are filed, we must view the
evidence in the light most favorable to the ruling and sustain the decision if it is
correct on any applicable theory of the law. Ross, 32 S.W.3d at 855-56; King, 35
S.W.3d at 742.

 A police officer may stop and briefly detain persons suspected of criminal
activity if the officer possesses a reasonable suspicion to justify the investigative
detention. See Terry v. Ohio, 392 U.S. 1, 19-20, 88 S. Ct. 1868, 1879 (1968); Davis
v. State, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997); State v. Cardenas, 36 S.W.3d
243, 246 (Tex. App.--Houston [1st Dist.] 2001, pet. ref'd). A "reasonable suspicion"
means when an officer has articulable facts which lead him to conclude that the
person is, has been, or soon will be engaged in criminal activity. Woods v. State, 956
S.W.2d 33, 38 (Tex. Crim. App. 1997); Icke v. State, 36 S.W.3d 913, 915 (Tex.
App.--Houston [1st Dist.] 2001, pet. ref'd). In determining the reasonableness of the
investigative stop, we examine the totality of the circumstances. Woods, 956 S.W.2d
at 38. Furthermore, we look to the facts available to the officer at the time of the stop
to determine if a reasonable suspicion existed. Davis, 947 S.W.2d at 243.

 Appellant argues Officer Thomas and Spiers gave conflicting testimony about
Spiers's description of the car and the jacket at the at the crime scene, and, because
of that conflict, Officer Thomas lacked the necessary facts to form a reasonable
suspicion he was involved in the robbery. Spiers testified he told Officer Thomas he
was robbed by a "guy wearing a blue and yellow jacket driving a four-door, white
car." Officer Thomas testified Spiers initially told him the gunman wore a blue jacket
with white stripes, like a University Michigan jacket, and the suspects drove a white,
four-door car, possibly a Ford Taurus. On cross-examination, Officer Thomas
corrected his testimony and said Spiers told him the car was possibly a Ford. The
only difference in testimony was whether the jacket had white stripes or yellow and
whether the car was a Ford, a Taurus, or simply white. The trial court was allowed
to reconcile these minor conflicts by concluding that (1) the difference in stripe color
was irrelevant because Officer Thomas testified he did not see the jacket before the
seizure, (2) Officer Thomas testified the seizure was based on the description of the
car and the suspicious movement in the car, and (3) Officer Thomas was truthful in
stating Spiers said the car was possibly a Ford. Here, Officer Thomas had a
reasonable suspicion to stop appellant when he saw three black men driving a white,
four-door, Ford Taurus; they were within one mile of the robbery scene; the robbery
had occurred less than 30 minutes before Officer Thomas first saw the car; and the
passengers were moving around erratically inside the car. See Gamble v. State, 8
S.W.3d 452, 454 (Tex. App.--Houston [1st Dist.] 1999, no pet.) (citing Sanders v.
State, 992 S.W.2d 742, 749 (Tex. App.--Amarillo 1999, pet. ref'd) (reasonable
suspicion to detain suspect when officer dispatched to burglary scene saw two men
driving from scene few minutes after call)). (3)

 We overrule point of error one.

Jury Charge

 In point of error two, appellant argues the trial court erred in failing to provide,
either by his request or sua sponte, a jury charge instruction under article 38.23 of the
Texas Code of Criminal Procedure, instructing the jury to disregard unlawfully
obtained evidence. Appellant specifically complains of Spiers's identification of
appellant and the shotgun seized in Ms. Blount's home and contends the judge should
have instructed the jury as provided in article 38.23(b) of the Texas Code of Criminal
Procedure. Tex. Code Crim. Proc. Ann. art 38.23(b) (Vernon Pamp. 2002).

 Appellant contends he made a proper request for the instruction. We disagree. 
During a pre-trial hearing, the trial judge asked if either attorney had any issues about
the charge. Appellant stated there "may" be a "38.23 issue" if the trial court did not
suppress the shotgun. The trial court acknowledged appellant's statement. After both
sides closed, the trial court asked if both parties were ready to proceed; each party
answered affirmatively; and, the charge was read to the jury, without any request or
objection by appellant. We conclude appellant's pre-trial "request" was untimely
and, therefore, insufficient to preserve error on appeal. Tex. R. App. P. 33.1;
Kimbrough v. State, 959 S.W.2d 634, 639 (Tex. App.--Houston [1st Dist.] 1995, pet.
ref'd). 

 Appellant also contends that Atkinson v. State requires a sua sponte instruction. 
923 S.W.2d 21 (Tex. Crim. App. 1996). It does not. In Atkinson, the defendant
requested an instruction. There was no discussion in Atkinson, therefore, of sua
sponte action by the trial judge. In Posey v. State, the court held the trial judge had
no duty to sua sponte instruct the jury on defensive issues. 966 S.W.2d 57, 62 (Tex.
Crim. App. 1998). An article 38.23(b) instruction is a defensive issue. Thus, the trial
judge had no duty to instruct the jury absent a request by appellant. 

 We overrule point of error two. 








Conclusion

 We affirm the judgment of the trial court.


 Davie L. Wilson

 Justice

 

Panel consists of Justices Cohen, Nuchia, and Wilson. (4)


Do not publish. Tex. R. App. P. 47.4.
1. 
 
 ' 
2. ' 
' 
3. 
 "" 
 
 
 ' 
 
 
4.