In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00705-CR
____________

DERRICK MANTREL JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 891,762



 
MEMORANDUM OPINION
          After the trial court denied his motion to suppress evidence, appellant pleaded
guilty to possession with intent to deliver between four and 200 grams of cocaine. 
The trial court sentenced him to 40 years’ confinement. We affirm. 
 
Background
          Officers T.J. Chapman and C.E. Smith of the Houston Police Department
Narcotics Division were driving an unmarked car in an area known for narcotics
transactions. The officers observed appellant erratically back his car onto the street,
nearly hitting the officers’ car. They also observed that appellant’s radio was at a
loud volume in violation of a city ordinance. When the officers attempted to run the
license plate number, they noticed that appellant’s license plate light was inoperative. 
Based on these observations, the officers contacted a nearby patrol car for assistance. 
Before the officers approached appellant’s car, they saw him make furtive gestures
towards the floor board of his seat. The officers retrieved a bag of crack cocaine from
the driver’s side floorboard, $1,200, and an additional amount of crack cocaine in the
car. The total amount of crack cocaine found was 43 grams. 
          Appellant testified that he did not drive erratically, his music was not loud, and
his license plate light functioned properly. Linda Malone, the owner of the house
appellant was leaving before he was arrested, also testified that appellant did not back
out of the driveway erratically. J. M. Castillo, who was hired by appellant to inspect
appellant’s car eight days after the arrest, testified that the license plate light was in
working order at that time.
          In two points of error, appellant contends that (1) the trial court erred in
denying his motion to suppress evidence and (2) the trial court’s denial of the motion
to suppress violated his federal right to due process. 
Standard of ReviewIn reviewing the trial court’s ruling on the motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We give almost total deference to the trial court’s determination of
historical facts, while we conduct a de novo review of the trial court’s application of
the law to those facts. Id. During a motion to suppress hearing, the trial court is the
sole trier of fact; accordingly, the trial judge may choose to believe or disbelieve all
or any part of a witness’s testimony. See State v. Ross, 32 S.W.3d 853, 855 (Tex.
Crim. App. 2000); King v. State, 35 S.W.3d 740, 742 (Tex. App.—Houston [1st Dist.]
2000, no pet.). When, as here, no findings of fact are filed, we must view the
evidence in the light most favorable to the ruling and sustain the decision if it is
correct on any applicable theory of the law. Ross, 32 S.W.3d at 855-56; King, 35
S.W.3d at 742.
Motion to Suppress Evidence
          In his first point of error, appellant contends that the trial court erred in denying
his motion to suppress evidence. 
          Originally, the motion to suppress evidence was to be heard by submission of
affidavits only. However, the trial court ordered a hearing with live testimony. 
Appellant argues that Officer Smith’s sworn affidavit differed significantly from his
testimony at the hearing. 
          In his affidavit, Officer Smith stated that, while the officers were driving north
on “Lomax Street,” they observed appellant back out of a “driveway” at a high rate
of speed. At the hearing, Officer Smith testified that he observed appellant back out
of “Lomax Court,” a street that runs perpendicular to Lomax Street, and not a
driveway as he testified in his affidavit. In court, he testified that he had assumed that
Lomax Court was a driveway, but later found out it was a road. 
          Officer Chapman’s testimony at the hearing corroborated Officer Smith’s
testimony. Officer Chapman described Lomax Court as “almost a non-existent,
uncared for road that the city has out there that just shoots off of Lomax with houses
on either side of it going – it’s not a very long street at all . . . not well-lit.” He further
stated that the area surrounding Lomax Court was wooded and had fewer artificial
lights than Lomax Street. Officer Chapman’s testimony supports the proposition that
“Lomax Court” could have been mistaken for a driveway. Officer Chapman did not
give an affidavit prior to the hearing; therefore, his testimony was not contradicted. 
          The trial court was free to believe Officer Smith’s testimony at the hearing. See
Ross, 32 S.W.3d at 855. Moreover, Officer Chapman’s testimony provides an
independent basis for the trial court’s ruling. We hold that the trial court did not
abuse its discretion in denying appellant’s motion to suppress evidence.
          The first point of error is overruled. 
Due Process Violation 
          In his second point of error, appellant contends the trial court violated his right
to due process by denying his motion to suppress evidence. 
          It is insufficient for appellant to make a general citation to a constitutional
doctrine with no argument supporting why the doctrine was violated. See Vuong v.
State, 830 S.W.2d 929, 940 (Tex. Crim. App. 1992). In order for a point of error to
be adequately briefed, counsel must cite specific legal authority and provide legal
arguments based on that authority. Tex. R. App. P. 38(h). Here, appellant cites the
Fourth Amendment in his brief, offering no argument to support his claim. He does
not state how the trial court violated his right, nor does he provide any citations to the
record. 
          The second point of error is overruled.
Conclusion
          We affirm the judgment of the trial court.



     Adele Hedges
                                                                        Justice 
Panel consists of Justice Hedges, Nuchia, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).