COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-132-CR

ROBERT LEE LIEBLONG APPELLANT

V.

THE STATE OF TEXAS       STATE 

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Robert Lee Lieblong pled guilty to possession of marijuana under two ounces and was sentenced to 180 days in jail.  Imposition of sentence was suspended, and Lieblong was placed on community supervision for twelve months.  In one point, Lieblong appeals the trial court’s denial of his motion to suppress.  We affirm.

II.  Background Facts

The following facts are based on the trial court’s findings of fact.  At approximately 1:10 a.m. on January 21, 2005, Officer Jay Powell was on patrol in the area of several apartment complexes that had recently experienced a number of overnight car burglaries.  Officer Powell observed an individual dressed in all black standing in the shadows near a creek area, looking in Officer Powell’s direction, and talking on a cellular telephone.  Officer Powell dimmed his headlights and advanced to the area where the individual in black was standing.  While Officer Powell was in route, another individual alerted Officer Nottingham, Officer Powell’s partner, that an individual dressed in all black ran through the complex when the police arrived.  The direction of flight indicated that the individual running through the complex was the individual in all black observed by Officer Powell.

Officer Powell reached the location toward which the individual in black had been running and saw a small, black car.  The car’s engine was running, but its headlights were off.  Officer Powell observed two occupants in the car, one of whom, the passenger, was dressed in all black.  Remembering that a small, black car occupied by two males was suspected in a recent burglary of a motor vehicle, Officers Powell and Nottingham followed and stopped the vehicle.

Officer Nottingham contacted the driver, Lieblong, who opened the driver’s side door.  Officer Nottingham witnessed a methamphetamine pipe on the passenger floorboard.  After Lieblong verbally consented to a search of the vehicle, Officer Powell found a cigarette pack containing marijuana in the vehicle.  Lieblong was charged with possession of marijuana under two ounces.

Lieblong filed a motion to suppress the marijuana as the product of an illegal search.  Both parties stipulated that the search and seizure were warrantless.  After concluding that the officers had reasonable suspicion to stop Lieblong’s car and that not only was the search of the car based on probable cause, but Lieblong’s consent to search the car was knowingly and voluntarily given and never retracted, the trial court denied the motion to suppress.

III.  Motion to Suppress

In a single point, Lieblong argues that the trial court improperly denied his motion to suppress because the officers’ initial stop of Lieblong’s car violated the Fourth Amendment. 

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact, even if the trial court’s determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Montanez v. State
, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); 
Johnson v. State
, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2004, pet. ref’d).  But when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court’s rulings on mixed questions of law and fact.  
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652–53.

Stated another way, when reviewing the trial court’s ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court’s ruling.  
State v. Kelly
, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court’s ruling, supports those fact findings.  
Id
. at 818–19.  We then review the trial court’s legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling.  
Id
. at 819.

Here, the trial court made explicit fact findings.  Because the evidence, when viewed in the light most favorable to the trial court’s ruling, supports those fact findings, we review the trial court’s legal ruling de novo.

IV. The Initial Stop

Law enforcement officers may stop and briefly detain persons suspected of criminal activity on less information than is constitutionally required for probable cause to arrest.  
Terry v. Ohio
, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968).  The same standards apply whether the person detained is a pedestrian or is the occupant of an automobile.  
See Carmouche
, 10 S.W.3d at 328 (citing 
Adams v. Williams
, 407 U.S. 143, 145–46, 92 S.Ct. 1921, 1922–23 (1972)) (holding that the “warrantless stop of the Camry was constitutionally justified based upon the informant's tip”); 
Rhodes v. State
, 913 S.W.2d 242, 246 (Tex.  App.—Fort Worth 1995) (recognizing that “[a]n occupant of an automobile is just as subject to an investigative detention as is a pedestrian”), 
aff'd
, 945 S.W.2d 115 (Tex. Crim. App. 1997), 
cert. denied
, 522 U.S. 894 (1997).  To initiate an investigative stop, the investigating officer must possess a reasonable suspicion based on specific articulable facts that, in light of the officer's experience and general knowledge, would lead the officer to the reasonable conclusion that criminal activity is underway and the detained person is connected to the activity.  
See, e.g.
, 
King v. State
, 35 S.W.3d 740, 743 (Tex. App.—Houston [1st Dist.] 2000, no pet.).  These facts must amount to more than a mere hunch or suspicion.  
Davis v. State
, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997).

Reasonable suspicion, like probable cause, is dependent upon both the content of the information possessed by the police and its degree of reliability.  
Alabama v. White
, 496 U.S. 325, 330, 110 S. Ct. 2412, 2416 (1990).  So in examining the totality of the circumstances, the quantity and the quality of the information available to the police are considered.  
Id.
; 
State v. Sailo
, 910 S.W.2d 184, 188 (Tex. App.—Fort Worth 1995, pet. ref’d). 

The information obtained by police falls into four general categories:  information gleaned from first-hand observation by the officer; information obtained from a confidential informant; information provided by a concerned citizen reporting a possible crime in progress or of recent origin; or information provided by an anonymous tipster.  
See Sailo
, 910 S.W.2d at 188 (citing 
White
, 496 U.S. at 330, 110 S. Ct. at 2416); 
State v. Stolte
, 991 S.W.2d 336, 341 (Tex. App.—Fort Worth 1999, no pet.).  Information observed first-hand by a police officer is highly reliable and, consequently, the investigative stop Fourth Amendment analysis in cases involving first-hand police observation focuses not on reliability, but on whether the information gives rise to a reasonable articulable suspicion.  
See
, 
e.g.
, 
Terry
, 392 U.S. at 22, 88 S. Ct. at 1880 (holding that personally observed criminal activity creates articulable facts that give rise to reasonable suspicion).

Our focus, therefore, is whether the information known to Officers Powell and Nottingham rose to the level of reasonable suspicion such that their initial stop of Lieblong was justified.  Officers Powell and Nottingham were on patrol in an area of apartment complexes that had recently experienced a number of overnight car burglaries.  Officer Powell observed an individual in all black standing in the shadows across a creek area in Paces Point Apartments.  While Officer Powell was in route to that area, another individual alerted Officer Nottingham that, following the arrival of the marked police unit, an individual dressed in all black had run through the complex.  The direction of flight suggested that the individual who ran through the complex was the same individual observed by Officer Powell.

Officer Powell, after reaching the area where he had seen the man in black, observed a small, black car occupied by two males, one of whom was dressed in all black.  A small, black car occupied by two males was a suspected vehicle in a burglary of a motor vehicle that occurred in a nearby apartment complex.  The small, black car exited the apartment complex, and, after briefly following it, Officers Powell and Nottingham made the stop.

We hold that based on the totality of the circumstances, Officers Powell and Nottingham possessed articulable facts to reasonably suspect criminal activity, thereby justifying the initial 
Terry 
stop of Lieblong’s car.  Officer Powell observed a man in all black standing in the shadows looking in Officer Powell’s direction and talking on a cellular telephone.  That observation corroborated the description given to Officer Nottingham of a suspicious person seen running. 
Officers Powell and Nottingham then observed an occupant in a car that matched the description of the person Officer Powell had seen and the person seen running.  Finally, the car matched the description of a car suspected in a crime in a nearby apartment complex.  Consequently, we hold that the trial court did not err by denying Lieblong’s motion to suppress.  Lieblong’s sole point is overruled.

V.  Conclusion
     

Having overruled Lieblong’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 29, 2007

 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.