Opinion issued April 19, 2007 

 






 



 



In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00642-CR

NO. 01-06-00643-CR

____________


MARCUS LIONEL HOPKINS, Appellants


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause Nos. 1038292 and 1038293






MEMORANDUM OPINION

 After the trial court denied his motion to suppress, appellant, Marcus Lionel
Hopkins, pleaded guilty, pursuant to an agreed punishment recommendation from the
State, to possession of a firearm by a felon and to possession with intent to deliver
between four and 200 grams of cocaine. See Tex. Pen. Code Ann. § 46(a)(1)
(Vernon 2003); Tex. Health & Safety Code Ann. § 481.115(d) (Vernon 2003). 
The trial court assessed punishment at imprisonment for 10 years in the possession-of-a-firearm case and for 15 years in the possession-with-intent-to-deliver case, the
sentences to run concurrently. We determine whether the trial court erred by denying
appellant's suppression motion after implicitly having determined that reasonable
suspicion supported appellant's detention. We affirm.

 Background


 On August 22, 2005, Houston Police Department ("HPD") Officer Douglas
Griffith, a 15-year veteran assigned to HPD's Southeast Gang Task Force, received
a tip from an individual who was in custody about a potential drug dealer. Officer
Griffith was told that one of the local drug dealers, a bald, black male with a goatee,
would be making a delivery in the area around Westover and Nunn Streets later that
day. Officer Griffith passed the information on to his partner, HPD Officer Ruben
Dabila, and to Officer Debila's lieutenant, Stephen Casko. 

 Lieutenant Casko and Officer Dabila conducted surveillance on the area. At
approximately 10:20 p.m., Officer Casko saw appellant driving his Nissan Altima. 
Officer Casko saw appellant run a stop sign and operate the vehicle without the
headlights turned on and without a front license plate. Lieutenant Casko informed
Officer Dabila of the traffic offenses, and Officer Dabila initiated a traffic stop. 

 As they approached appellant's vehicle, both Officer Dabila and Lieutenant
Casko saw appellant reaching toward the center of the vehicle, trying either to discard 
or to retrieve something. Not knowing exactly what appellant was doing and
concerned for their safety, Officer Dabila and Lieutenant Casko repeatedly instructed
appellant to stop moving and to put his hands on the steering wheel. After appellant
stopped moving, the officers ordered appellant out of the vehicle at gunpoint. From
outside the vehicle, both officers saw a pistol in plain view between the driver's seat
and the center console. The pistol was loaded. The officers arrested appellant,
conducted a search incident to the arrest, and recovered 30 grams of crack cocaine in
the center console of appellant's vehicle.

 In contrast, appellant denied having committed the traffic violations. 
Specifically, appellant denied having driven through the intersection. He also 
testified that his headlights were turned on while he was driving and that his front
license plate was attached to his vehicle the night that he was arrested. Additionally,
appellant testified that there was no way that anyone could have seen the pistol
located between the center console of the car and the driver's seat without being
inside the car. 

 After a hearing on appellant's pretrial motion to suppress evidence, the trial
court denied the motion.

 Standard of Review


 In reviewing a trial court's ruling on a motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We give almost total deference to the trial court's determination of
historical facts, while we conduct a de novo review of the trial court's application of
the law to those facts. Id. (citing Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997)). During a motion-to-suppress hearing, the trial court is the sole trier of
fact; accordingly, the trial court may choose to believe or to disbelieve all or any part
of a witness's testimony. See State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App.
2000); see also King v. State, 35 S.W.3d 740, 742 (Tex. App.--Houston [1st Dist.]
2000, no pet.).

 The trial court denied appellant's motion to suppress without stating the basis
for its ruling. The trial court did not make findings of fact and conclusions of law. 
When a trial court does not make findings of fact and there is a reporter's record, we
view the evidence in the light most favorable to the trial court's ruling and assume
that the trial court made implicit findings of fact that support its ruling, as long as
those findings are supported by the record. Ross, 32 S.W.3d at 855.

Suppression of the Evidence


 In his sole point of error, appellant argues that the trial court erred in denying
his motion to suppress. Specifically, appellant argues that the officers did not have
reasonable suspicion to make the initial stop of his vehicle because the evidence did
not support the conclusion that a traffic offense had occurred to justify the stop and
because the informant's tip provided to the officers was "not sufficiently
corroborated" to rise to the level of reasonable suspicion. 

A. Traffic Violations


 Appellant argues that the evidence does not support the conclusion that traffic
offenses occurred to justify the stop, and, therefore, that the police officers did not
have reasonable suspicion to stop and to detain him. 

 A detention not based on reasonable suspicion is unreasonable and violates the
Fourth Amendment. Davis v. State, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997).
The test for reasonable suspicion is a factual one and is made and reviewed by
considering the totality of the circumstances at the time of the stop. Loesch v. State,
958 S.W.2d 830, 832 (Tex. Crim. App. 1997). A temporary detention "will be
justified when the detaining officer has specific articulable facts, which, taken
together with rational inferences from those facts, lead him to conclude that the
person detained actually is, has been, or soon will be engaged in criminal activity." 
 Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App.1997). 

 The record contains disputed testimony as to whether appellant committed
traffic violations. Lieutenant Casko testified that appellant was stopped for three
traffic offenses committed within his view: failing to display a front license plate,
driving without the vehicle's headlights turned on, and running a stop sign. 
Appellant testified that he did not commit the traffic violations because he was aware
of the gun and would not have committed any traffic violation that would have
allowed the officers to stop him. The trial court could reasonably have believed
Lieutenant Casko's testimony regarding the traffic violations and disbelieved
appellant's testimony.

 Appellant also presented pictures of the vehicle that he had been driving,
showing a front license plate on it. However, appellant admitted that the photographs
were taken a few months after the incident. The trial court could reasonably have
believed Lieutenant Casko's testimony that no license plate was displayed on the date
of the detention and that appellant placed the license plate on the car at a later date.

 A traffic violation is a sufficient ground for detention because such a violation
rises beyond mere reasonable suspicion and allows for an arrest without a warrant. 
See Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon 2005) (providing that peace
officer may arrest offender without warrant for any offense committed within
officer's presence or view). Because the trial court denied appellant's motion to
suppress the evidence obtained upon and after the detention, and because the
commission of the traffic violations would have justified the detention and would
thus have supported the trial court's ruling, we deem the trial court to have believed
the evidence that appellant committed the three traffic violations. We thus hold that
the trial court did not err by implicitly concluding that at least reasonable suspicion,
if not also probable cause, supported appellant's detention.

B. Informant's Tip

 Appellant also challenges the trial court's denial of his suppression motion
because the informant's tip was not sufficiently corroborated to justify the detention. 
Having held that appellant's detention was justified by his having committed three
traffic violations, we need not address his contention that the informant's tip was
insufficient: even if the informant's tip would not have justified the detention, the
traffic violations alone did. And although it is true that the officers were where they
could observe appellant committing the traffic violations as a result of the informant's
tip, it is unnecessary for the officers to justify their presence on public streets. It is
necessary for officers to justify only their detention of appellant, which we have
already held that they did. We thus need not reach this argument under appellant's
point of error.


Conclusion


 For these reasons, we hold that the trial court did not err in denying appellant's
motion to suppress. We overrule appellant's sole point of error.

 We affirm the judgments of the trial court.

 



 Tim Taft

 Justice


Panel consists of Justices Taft, Alcala, and Hanks. 


Do not publish. Tex. R. App. P. 47.2(b).