**Phillip Wayne WILLHITE, Appellant,**

**. v.**

**The STATE of Texas, Appellee.**

**No. 01–95–01511–CR.**

Court of Appeals of Texas,
Houston (1 Dist.).

Dec. 19, 1996.

---

Barrbara W. Palmer, College Station, for Appellant.

Bill R. Turner, Bryan, for Appellee.

Before WILSON, HUTSON–DUNN and ANDELL, JJ.

## OPINION

WILSON, Justice.

Appellant, Phillip Wayne Willhite, appeals from his conviction for possession with intent to deliver more than four grams, but less than 200 grams, of cocaine. After a hearing, the trial court denied appellant's motion to suppress evidence. Pursant to a plea agreement, appellant pled no contest to the charges and was sentenced to 10 years in prison, probated for five years, and a $500 fine. In two points of error, appellant argues the trial court erred in denying his motion to suppress. We affirm.

At the hearing on the motion to suppress, Officer Andy Murph of the College Station Police Department, testified that on January 10, 1995, he was assigned as a member of a burglary apprehension team. Officer Murph was dispatched to an apartment complex where he sat in an unmarked police car. He was positioned within a short distance from a bait car that was set up to attract criminals. The police car had dark tinted windows with the front windows rolled down a couple of inches so Officer Murph could hear what was happening outside.

At approximately 2:00 a.m., people began to gather in one of the apartment buildings to have a party. Shortly thereafter, Officer Murph felt, and saw, two males sit on the trunk of his car. One of the males stated that "he had a person bringing some stuff to the party for them, and that it would cost $35 a bag." The "stuff" would be delivered by a car in a "little while." Thinking that a drug deal was being planned, Officer Murph, by radio, notified Officers Wilson and Baine of the potential situation. He then continued to listen to the conversation between the two males. One male asked the other if "he'd ever used anything like this," and someone

stated, "I could sure smoke a fat joint right now." During the conversation, Officer Murph was relaying the information to Officers Wilson and Baine.

After a period of time, Officer Murph saw a set of headlights approaching from the entrance of the complex. He then heard from one of the males on his trunk, "That's him. Go meet him." A red Mercury Topaz then drove slowly by Officer Murph who conveyed to Officers Wilson and Baine that he believed this was the car with the narcotics. Officer Murph then told Officer Wilson to "stop the red Topaz."

As the car approached Officer Wilson, he blocked appellant's car with his unmarked police car. Officer Wilson got out of his car wearing civilian clothes with a police badge clipped to his belt. He identified himself as a police Officer and ordered appellant to stop. Appellant continued driving in the direction of Officer Wilson. He stepped to his right to avoid the car, pulled his weapon, and again ordered appellant to stop and get out of his car. After appellant stopped, Officer Wilson moved him up against the car and patted him down for weapons. Appellant was then placed in a patrol car belonging to Officers Nelson and Board. Appellant consented in writing to the search of his car. No narcotics were found in appellant's car, but three small bags of cocaine were found in the back of Officer Nelson's car where appellant had been sitting. Officer Wilson then handcuffed appellant, read him his *Miranda* warnings, and placed him under arrest.

■ In his first point of error, appellant contends the trial court erred by denying his motion to suppress evidence seized in violation of the Fourth Amendment of the U.S. Constitution. Specifically, appellant argues that Officer Wilson did not have reasonable suspicion to make an investigatory stop.

■ The standard for reviewing a trial court's ruling on a motion to suppress evidence is abuse of discretion. *Long v. State,* 823 S.W.2d 259, 277 (Tex.Crim.App.1991). At a hearing on a motion to suppress, the trial court is the sole trier of fact and judge of the credibility of the witnesses as well as the weight to be given their testimony.

*Romero v. State,* 800 S.W.2d 539, 543 (Tex. Crim.App.1990); *Brooks v. State,* 830 S.W.2d 817, 820 (Tex.App.—Houston [1st Dist.] 1992, no pet.). On appellate review, the evidence presented at the suppression hearing is viewed in the light most favorable to the trial court's ruling to determine whether the trial court abused its discretion in denying the motion to suppress. *Ashton v. State,* 931 S.W.2d 5, 6 (Tex.App.—Houston [1st Dist.] 1996, n.p.h.).

■ Under the United States and Texas Constitutions, a person has been detained if there has been such a display of authority that a reasonable person, from the defendant's perspective, would not have felt free to leave. *Chambers v. State,* 866 S.W.2d 9, 19 (Tex.Crim.App.1993), *cert. denied,* 511 U.S. 1100, 114 S.Ct. 1871, 128 L.Ed.2d 491 (1994); *Shelby v. State,* 888 S.W.2d 231, 233 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). According to the facts, a reasonable person in appellant's position would not have felt free to leave. As the record indicates, appellant was approached by an officer who drew a gun on him and ordered him to stop. Thus, appellant was detained. We next determine if appellant's detention was justified.

■ To justify an investigative detention, an officer must have a reasonable suspicion, based on specific articulable facts that, in light of the officer's experience and general knowledge, would lead the officer to the reasonable conclusion that criminal activity is underway and the detained person is connected to the activity. *Holladay v. State,* 805 S.W.2d 464, 471 (Tex.Crim.App.1991); *Barnes v. State,* 870 S.W.2d 74, 78 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd). To simplify, the officer must have a reasonable suspicion that some abnormal activity has occurred or is occurring; an indication that the activity is criminal in nature; and some suggestion to connect the detained person with the unusual activity. *Salazar v. State,* 893 S.W.2d 138, 140 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd).

■ The officer who made the stop had no specific independently gathered articulable facts to justify the stop. The detention by Officer Wilson was based on the reasonable

suspicion of another Officer, Murph, who had relayed his suspicions to Wilson. In *Pyles v. State,* the Court of Criminal Appeals held that a police officer who does not possess probable cause himself to make a warrantless arrest, may rely on information that is transmitted to him by other officers. 755 S.W.2d 98, 109 (Tex.Crim.App.), *cert. denied,* 488 U.S. 986, 109 S.Ct. 543, 102 L.Ed.2d 573 (1988); *Astran v. State,* 799 S.W.2d 761, 764 (Tex.Crim.App.1990). Although this case involves an investigative detention and not an arrest, we apply the same principle enunciated in *Pyles,* and hold that reasonable suspicion may be transferred from one officer to another so that a valid detention may be effected.

When Officer Murph told Officer Wilson to stop appellant, he was aware of the following determinative facts: (1) Two males on the trunk of Officer Murph's car discussed some "stuff" that would be delivered to the party costing $35 per bag; (2) one male asked the other if "he'd ever used anything like this"; (3) someone stated, "I could sure smoke a fat joint right now"; (4) when the car entered the apartment complex, one of the males stated, "That's him. Go meet him." Examining the totality of the circumstances, we hold there was reasonable suspicion of criminal activity to justify the detention and investigation of appellant.

Based on the conversation between the two males, Officer Murph had a reasonable suspicion that criminal activity was about to occur. *See Starks v. State,* 661 S.W.2d 756, 757 (Tex.App.—Houston [1st Dist.] 1983, no pet.) (investigative detention was justified when officer overheard appellant ask someone if he would like to buy some cocaine). He testified that based on his experience, a drug deal was about to occur. Additionally, the statement by one of the males, "That's him. Go meet him," is some suggestion to connect appellant to the unusual activity. Viewing the evidence in the light most favorable to the ruling, we hold that appellant's Fourth Amendment[1] rights were not violated; thus, we overrule appellant's first point of error.

In his second point of error, appellant argues that article one, section nine of the Texas Constitution provides more protection than its federal counterpart. We find no authority supporting appellant's contention that the propriety of an investigative detention is subject to more stringent restrictions under the Texas Constitution than under the fourth amendment. The Court of Criminal Appeals has not so held, nor has this Court. *See Ashton,* 931 S.W.2d at 8–9; *see also Brown v. State,* 830 S.W.2d 171, 174 (Tex. App.—Dallas 1992, pet. ref'd) (no separate Texas constitutional analysis required of investigatory stops). In *Autran v. State,* the court held article one, section nine of the Texas Constitution provides greater protection in regards to inventory searches. 887 S.W.2d 31, 42 (Tex.Crim.App.1994). However, we are not confronted with the constitutionality of an inventory search; thus, *Autran* does not apply to these facts. *See Ashton,* 931 S.W.2d at 8. Accordingly, we conclude the officer's investigatory detention was based on reasonable suspicion and therefore valid. We hold the trial court did not abuse its discretion in denying appellant's motion to suppress, and we overrule appellant's points of error.

We affirm the judgment of the trial court.