NUMBER 13-00-418-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


LADERRICK DEWAYNE WASHINGTON , Appellant,


v.

THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 292nd District Court

of Dallas County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Rodriguez


Appellant, Laderrick Dewayne Washington, pleaded not guilty, and a jury convicted him of aggravated robbery. (1) 
Punishment was assessed at twelve and one-half years imprisonment. By three issues appellant complains that the evidence
was legally and factually insufficient and that he received ineffective assistance of counsel. We affirm.

Appellant, and two others, Kevin Mitchell and Brandon, (2) decided to rob a convenience store. Mitchell entered the store
while appellant and Brandon waited in the car. Mitchell pulled a gun on the proprietor. The proprietor, however, raised his
own gun and fired. Mitchell ran from the store and got into the car. Appellant drove the car from the scene. A few hours
later, police stopped and arrested Mitchell and appellant after an FBI special agent observed their suspicious behavior at
another convenience store.

By his first and second issues, appellant contends the evidence was legally and factually insufficient to establish that he
acted with knowledge or intent that a firearm would be used in the commission of the offense. When reviewing legal
sufficiency of the evidence, we review the evidence in the light most favorable to the verdict to determine whether a
rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See Jackson v.
Virginia, 443 U.S. 307, 319 (1979);Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Skinner v. State, 956 S.W.2d
532, 536 (Tex. Crim. App. 1997). We do not weigh the evidence tending to establish guilt and innocence or assess the
credibility of the witnesses on each side. See Ex parte Elizondo, 947 S.W.2d 202, 205 (Tex. Crim. App. 1996). The jury is
the sole trier of fact, and may judge the credibility of the witnesses, reconcile conflicts in the testimony, and accept or reject
any or all of the evidence on either side. See Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); see also
Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). If there is evidence that establishes guilt beyond a
reasonable doubt, and the trier of fact believes that evidence, we will not reverse the judgment on legal sufficiency grounds. 
See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

When reviewing factual sufficiency, we view all evidence without the prism of "in the light most favorable to the
prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. See Johnson 23 S.W.3d at 11; Cain, 958 S.W.2d at 407;Clewis v. State, 922 S.W.2d 126, 135 (Tex.
Crim. App. 1996). The review must be appropriately deferential so as to avoid substituting this Court's judgment for that of
the jury. See Cain, 958 S.W.2d at 407.

A person commits a robbery if, in the course of committing theft, (3) he intentionally or knowingly threatens or places
another in fear of imminent bodily injury or death. See Tex. Pen. Code. Ann. § 29.02(a)(2) (Vernon 1994). A person
commits the offense of aggravated robbery if he commits a robbery and uses or exhibits a deadly weapon. See id. §
29.03(a)(2). 

The law of parties can apply to the offense of aggravated robbery. See, e.g., Johnson v. State, 32 S.W.3d 388, 392-394
(Tex. App.--Houston [14th Dist.] 2000, no pet.) (law of parties instruction applied to acts in committing aggravated
robbery). Under the law of parties, a person is criminally responsible for an offense committed by another if, acting with
intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other
person to commit the offense. See Tex. Pen. Code. Ann. §§ 7.01(a), 7.02(a)(2) (Vernon 1994). To convict an accused as
one who is criminally responsible for the conduct of another who committed aggravated robbery, the State must prove that
the accused harbored a specific intent to promote or assist the commission of the aggravated robbery. See Pesina v. State,
949 S.W.2d 374, 382 (Tex. App.--San Antonio 1997, no pet.).

While mere presence at the scene of a crime is not sufficient to prove an accused is a party to the crime, in determining
attempts to aid the other person to commit the offense, the fact finder may consider events occurring before, during or after
the commission of the offense. See Beardsley v. State, 738 S.W.2d 681, 684-85 (Tex. Crim. App. 1987). Furthermore,
circumstantial evidence, such as acts, words, and conduct of the accused, may be sufficient to show that one is a party to an
offense. See id. at 684;see also Wolfe v. State, 917 S.W.2d 270, 275 (Tex. Crim. App. 1996); Patrick v. State, 906 S.W.2d
481, 487 (Tex. Crim. App. 1995).

Although appellant concedes he planned to commit an offense, he asserts he did not know of or intend the use of the
firearm in the commission of the theft of the convenience store. The evidence reveals, however, that after Brandon
returned to the car and informed Mitchell and appellant that there was only one man in the store and no security cameras,
Mitchell reached in front of appellant, who was in the passenger seat, and took a gun from the glove compartment. 
Appellant saw him take the gun out of the glove compartment. Mitchell put the gun in his pocket and went into the store. 
Appellant then turned the car around. After a shot was fired from the proprietor's gun, Mitchell ran from the store with his
gun in his hand and got back in the car. Appellant drove Mitchell and Brandon away from the store. Appellant and
Mitchell were later arrested when the police stopped them as they sped away from a second store. The police found a
loaded .45 caliber handgun under appellant's car seat. At the police station, appellant gave the following written statement:

Kevin Mitchell came by my house and picked up me and Brandon. We were in Kevin's Cadillac. We were on Bernal. 
Kevin saw the little grocery store. He decided that the store was going to get robbed. I knew his intentions. Brandon went
into the store, came out and said only one dude was in there. Kevin went in with a .45. I turned the car around because of
the way it was parked. Kevin came out and got in the passenger side. Kevin said he pulled a gun on the man and the man
pulled a .25 on him and shot. He said he ran out and didn't get any money. We took Brandon home and then we drove to
my girlfriend's house. Later we got stopped by the police and got arrested.



Based on the foregoing evidence, and reviewing it in the light most favorable to the trial court's judgment, a rational trier of
fact could have found that appellant intended to promote or assist in the commission of the offense of aggravated robbery. 
Appellant knew about the plan to rob the store. In his statement, appellant acknowledged Mitchell took a gun into the store
and "pulled it on the man." Additionally, Mitchell testified he had to reach in front of appellant to get the gun, and
appellant watched him get it. Furthermore, Mitchell testified that after the proprietor fired a shot, he ran from the store with
the gun in his hand, got into the car, and appellant drove away from the store. Although it was Mitchell who pulled a gun
on the store proprietor, any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty as a
party to the aggravated robbery, and that he knew of or intended the use of the firearm in the commission of the theft of the
convenience store. We conclude the evidence is legally sufficient to support appellant's conviction. The first issue is
overruled.

Further, viewing all of the evidence without the prism of "in the light most favorable to the prosecution" and granting
appropriate deference to the jury's verdict, the judgment is not so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust. Accordingly, we cannot say that appellant's conviction as a party to the aggravated robbery
was against the great weight of the evidence presented. Thus, we conclude that the evidence is factually sufficient to
support the conviction. Appellant's second issue is overruled.

By his third issue, appellant contends he was denied effective assistance of counsel. Appellant complains that his attorney
failed to file a motion to suppress the evidence obtained as a result of an allegedly illegal traffic stop.

To prevail on an ineffective assistance claim, appellant has the burden of proving (1) his attorney's representation was
below an objective standard of reasonableness, and (2) but for his attorney's errors, the result of the proceeding would have
been different, thus prejudicing his trial. See Cardenas v. State, 30 S.W.3d 384, 391 (2000) (citing Strickland v.
Washington, 466 U.S. 668, 687 (1984)); McFarland v. State, 845 S.W.2d 824, 842-43 (Tex. Crim. App. 1992); Sanders v.
State, 963 S.W.2d 184, 190 (Tex. App.--Corpus Christi 1998, pet ref'd.) (citations omitted). To prove prejudice, appellant
must demonstrate a reasonable probability that the result of his trial would have been different had counsel not performed
deficiently. See Cardenas, 30 S.W.3d at 391. A reasonable probability is a probability sufficient to undermine confidence
in the outcome of the trial. See id.

There is a strong presumption that trial counsel's conduct was reasonable and constitutes sound trial strategy. See Jackson
v. State, 877 S.W.2d 768, 770-71 (Tex. Crim. App. 1994). To defeat this presumption, an allegation of ineffectiveness
must be firmly grounded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. See
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). An appellant has "the burden to bring forth a record from
which we may discern that trial counsel's performance was not based on sound strategy." Blevins v. State, 18 S.W.3d 266,
271 (Tex. App.--Austin 2000, no pet.) (citations omitted). "Without an evidentiary hearing on the issue, the burden is
difficult to meet." Id. "Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal
with a record capable of providing a fair evaluation of the merits of a claim involving such a serious allegation." Id.
(quoting Thompson, 9 S.W.3d at 813).

Although appellant filed a motion for new trial, he did not raise ineffective assistance of counsel in the motion and did not
request a hearing. The record is silent as to the motivation behind counsel's decision not to file a motion to suppress. 
Without a record to explain his rationale, appellant cannot substantiate his claim that his trial counsel's representation was
deficient. See Thompson, 9 S.W.3d at 813; see also Robinson v. State, 22 S.W.3d 631, 636-37 (Tex. App.--Waco 2000,
pet. ref'd) (holding appellant did not prove counsel was ineffective for failing to file motion to suppress when record silent
as to trial strategy).

Furthermore, appellant's counsel may have determined that the officers involved had ample facts giving rise to reasonable
suspicion to stop the car, and filing a motion to suppress would have been frivolous. See Terry v. Ohio, 392 U.S. 1, 30
(1968); Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). Patrol Officer Byron Boston testified that a member of
the FBI requested he stop a vehicle and "investigate whether or not they were involved in a robbery." The FBI provided
Officer Boston with a description and the license number of the vehicle. Although appellant contends Officer Boston had
no independent reasonable suspicion to make the stop, Rick Burkhead, Jr., a special agent with the FBI, did note suspicious
behavior. He testified that the men in the vehicle had backed into an alley behind a dumpster, peered around the dumpster,
and pulled hoods over their heads before entering the second store. Special Agent Burkhead concluded this suspicious
behavior "appeared odd." They "called this out on the radio." Special Agent Burkhead also testified that the vehicle
"picked up a fairly high rate of speed," as they moved to get behind it. While in pursuit, they called in other units. 
Reasonable suspicion may be transferred from one officer to another. See Willhite v. State, 937 S.W.2d 604, 607 (Tex.
App.--Houston [1st Dist.] 1996, pet. ref'd). Based on this evidence, the trial court could have reasonably denied the motion
to suppress the evidence resulting from the stop.

Appellant did not prove that a motion to suppress would have been granted. Therefore, he has failed to satisfy Strickland. 
See Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (holding because appellant did not establish by a
preponderance of the evidence that evidence should have been suppressed, he failed to prove his counsel was ineffective for
failing to file motion to suppress); Roberson v. State, 852 S.W.2d 508, 510-12 (Tex. Crim. App. 1993) (holding that
without a showing the pre-trial motion had merit, and that a ruling on the motion would have changed outcome of case,
counsel will not be ineffective for failing to assert motion). After reviewing the entire record, we hold appellant has not
overcome the presumption of reasonableness and sound trial strategy. Appellant's third issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ

Justice

Do not publish .

Tex. R. App. P. 47.3.

Opinion delivered and filed

this 23rd day of August, 2001. 

1. See Tex. Pen. Code Ann. §§ 29.02(a), 29.03(a)(2) (Vernon 1994).

2. Brandon's last name does not appear in the record.

3. A person commits theft "if he unlawfully appropriates property with intent to deprive the owner of the property." Tex.
Pen. Code. Ann. § 31.03(a) (Vernon 1994).