Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB









Opinion issued October 9,
2008


 

 

 

 

 








 

     

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-00426-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



CHI HSEIN LEE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from County Criminal Court at Law Number 9

Harris County, Texas

Trial Court Cause No. 1424885

 

















 

 

 

 

 

 



MEMORANDUM OPINION 

 

A jury found Chi Hsein Lee guilty of the
misdemeanor offense of evading detention by a peace officer.  The trial court assessed
punishment at ninety days confinement.  In one issue, Lee contends that the
evidence is legally and factually insufficient to support his conviction.  We
affirm.

Background

          On December 22, 2007, around
7:30 A.M., Officer D. Alexander was on duty when, based on a tip provided in an
anonymous phone call, she was dispatched as the primary unit to a burglary of a
motor vehicle in progress.  The call described the burglary suspect as a bald
male wearing a grey sweatshirt.   When Officer Alexander pulled up to the
location, she observed Lee, who was bald, sitting by the vehicle in a grey
sweatshirt.  Lee began to walk away from the car.  Officer Alexander got out of
her vehicle and ordered Lee to stop.  Lee turned, looked at Officer Alexander,
and then turned his back and ran inside of a house. 

          Two additional officers
responded to the call.  Officer G. Major testified, consistent with Officer
Alexander, that upon pulling up to the house, they noticed Lee, bald and
wearing a grey sweatshirt.  When asked to stop, Lee turned and looked at the officers
then turned back and fled into a residence.  When the officers were able to
interact with Lee, they discovered that he was intoxicated and slurred his
speech. 

          Sally Tang testified on
behalf of Lee that Lee did not run from the police, and that when the police
arrived, Lee was not outside of the house. 

Legal and Factual Sufficiency

          In his sole point of error,
Lee argues that the evidence is legally and factually insufficient to support
his conviction because the State failed to prove that the peace officers “lawfully”
attempted to detain him.

Standard of Review

When evaluating the legal sufficiency
of the evidence, we view the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Johnson v. State, 23 S.W.3d
1, 7 (Tex. Crim. App. 2000).  We do not resolve any conflict of fact, weigh any
evidence, or evaluate the credibility of any witnesses, as this was the
function of the trier of fact.  See Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999); Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim.
App. 1991).  Instead, we determine whether both the explicit and implicit
findings of the trier of fact are rational by viewing all the evidence admitted
at trial in the light most favorable to the verdict and resolving any
inconsistencies in the evidence in favor of the verdict.  See Matson,
819 S.W.2d at 843.  

When evaluating factual sufficiency,
we consider all the evidence in a neutral light to determine whether the jury
was rationally justified in finding guilt beyond a reasonable doubt.  Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).  We set the verdict
aside only if (1) the evidence is so weak that the verdict is clearly wrong and
manifestly unjust or (2) the verdict is against the great weight and preponderance
of the evidence.  Johnson, 23 S.W.3d at 11.  Under the first prong of Johnson,
we cannot conclude that a verdict is “clearly wrong” or “manifestly unjust”
simply because, on the quantum of evidence admitted, we would have voted to
acquit had we been on the jury.  Watson, 204 S.W.3d at 417.  Under the
second prong of Johnson, we cannot declare that a conflict in the
evidence justifies a new trial simply because we disagree with the jury’s
resolution of that conflict.  Id.  Before finding that evidence is
factually insufficient to support a verdict under the second prong of Johnson,
we must be able to say, with some objective basis in the record, that the great
weight and preponderance of the evidence contradicts the jury’s verdict.  Id.  

Evading Detention

A person evades detention by a peace
officer when (1) he intentionally flees from a peace officer with knowledge
that she is a peace officer and that she is attempting to arrest or detain the
person and (2) the attempted arrest or detention is lawful.  Tex. Penal Code Ann. § 38.04(a) (Vernon
2003); Hazkell v. State, 616 S.W.2d 204, 205 (Tex. Crim. App. 1981).  

Lee asserts here that the evidence is
legally and factually insufficient to support his conviction because the
attempt to detain him was unlawful.  Lee observes that the officers attempted
to detain him on the basis of an anonymous tip which cannot alone establish a
reasonable suspicion necessary to justify a detention.  

Law enforcement officers may stop and
briefly detain a person suspected of criminal activity on less information than
that constitutionally required to establish probable cause to arrest.  Terry
v. Ohio, 392 U.S. 1, 18, 88 S. Ct. 1868, 1878 (1968).  To initiate a stop,
an officer must possess “a reasonable suspicion, based on specific articulable
facts that, in light of the officer’s experience and general knowledge, would
lead the officer to the reasonable conclusion that criminal activity is
underway and the detained person is connected to the activity.”  King v.
State, 35 S.W.3d 740, 743 (Tex. App.—Houston [1st Dist.] 2000, no pet.)
(quoting Willhite v. State, 937 S.W.2d 604, 606 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d)).  

Reasonable suspicion is dependent on
both the content of the information possessed and its degree of reliability.  Alabama v. White, 496 U.S. 325, 330, 110 S. Ct. 2412, 2416 (1990).  Information
observed firsthand by a police officer is highly reliable, while anonymous tips
are less reliable.  Compare Terry, 392 U.S. at 22–23, 88 S. Ct. at 1880–81
(holding personally observed criminal activity creates articulable facts that
give rise to reasonable suspicion) with Florida v. J.L., 529 U.S. 266, 269–70. 120 S. Ct. 1375, 1378 (2000) (holding anonymous tips are less reliable
than firsthand observation by a police officer).  A tip by an anonymous
informant of undisclosed reliability, standing alone, will rarely establish the
requisite level of suspicion necessary to justify a detention.  See J.L.,
529 U.S. at 269–70, 120 S. Ct. at 1378.  However, an anonymous tip, suitably
corroborated, exhibits “sufficient indicia of reliability to provide reasonable
suspicion to justify the investigatory stop.” Id. (citing Alabama v.
White, 496 U.S. at 327, 110 S. Ct. at 2414).  

Here, the officers acted in response
to an anonymous tip concerning a burglary in progress in a specified area.  The
informant provided detailed information including the location of the alleged
burglar and identifying characteristics.  The officer’s personal observations
corroborated every detail of the anonymous tip—a bald-headed man wearing a grey
sweatshirt sitting by the vehicle in question.  We hold that, in these
circumstances, the anonymous tip was sufficiently corroborated to justify a
brief detention.  See State v. Garcia, 25 S.W.3d 908, 913 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (holding “[c]orroboration by a police officer
means, in light of the circumstances, he confirms enough facts so that he may
reasonably conclude that the information provided is reliable and detention is
justified”).  Thus, legally sufficient evidence supports the jury’s finding that
Lee was lawfully detained.  Viewing all of the evidence neutrally, we further
hold that the evidence is not so weak that the verdict is clearly wrong and
manifestly unjust, nor is it against the great weight and preponderance of the
evidence.  The evidence is therefore factually sufficient to support the jury’s
finding that Lee was guilty of evading arrest.

Conclusion

          We hold that
the evidence is legally and factually sufficient to support the verdict.  We
therefore affirm the judgment of the trial court.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Jennings,
Bland, and Wilson.[1]









[1] The Hon. Davie L. Wilson,
retired Justice, Court of Appeals, First District of Texas at Houston,
participating by assignment.