Opinion to: SR TJ EVK ERA GCH LCH JB JS MM TGT
















Opinion issued December 31, 2009

 

 

                                                                                                                                                                                                                                                                                                                                                                        



 

 

 

 

 

  

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.   01-08-00859-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



marcus
allen bolden, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 337th
District Court

Harris County,
Texas

Trial Court Cause No.
1140022

 



MEMORANDUM opinion

Enhanced as
a habitual-felony-offender, Marcus Bolden pled guilty to cocaine possession
with intent to deliver without an agreed punishment recommendation.[1]  The trial court sentenced him to thirty
years.  In his sole point of error,
appellant complains that the trial court erred in denying his motion to
suppress because the officer who stopped his vehicle was without reasonable
suspicion to do so.[2]  We affirm. 

BACKGROUND

After the
traffic stop, appellant was arrested and charged with possession with intent to
deliver cocaine.[3]  Appellant filed a
pretrial motion to suppress the drugs and incriminating
statements of appellant obtained as a result of the stop, challenging the
legality of the search and seizure.  At
the suppression hearing, appellant attacked the underlying basis for the stop
and argued, specifically and exclusively, that the officers did not have
reasonable suspicion to detain him.

Testifying
for the State, Sergeant Christopher Eads, Houston Police Department, stated
that he and Officer Raymond Berger, along with several other plain-clothed
officers in unmarked vehicles, had been conducting a burglary of motor vehicles
sting operation in a shopping center parking lot on November 2, 2007.  Eads testified that Officer J. J. Mounsey had
been stationed nearby in a marked unit in the event that backup was
needed.  

Eads
described how, while conducting surveillance in the parking lot, he observed a
group of known crack addicts making calls on the gas station pay phone.  A Chevrolet Impala then pulled into the lot
and parked near an unmarked vehicle driven by Berger.  According to both Eads and Berger, two men
from the group approached and sat in the Impala, one in the front passenger
seat, the other in the backseat.  Eads
and Berger both testified that they then observed a thirty-second drug
transaction between the driver and the two men.

Both Eads
and Berger testified that after the two men exited the vehicle, the Impala
drove towards the nearest exit.  Eads
observed the driver fail to signal a lane change when exiting the lot and
radioed Mounsey to advise that there was “probable cause” for a stop.  Eads and Berger then followed the Impala out
of the lot with Berger behind Eads. 
Although Berger did not see the violation, he heard Eads’s radio
transmission to Mounsey about probable cause. 
Eads and Berger were soon joined by Mounsey, who had pulled behind
appellant at the intersection to make the stop. 
Berger later identified appellant as the driver of the Impala. 

Mounsey
testified that as he was parked behind a nearby Target as a back-up unit, the
sting officers radioed him that they had observed suspicious activity and “were
getting ready to take somebody down.” 
While moving into position, he received Eads’s radio call that they had
“probable cause” to stop appellant for changing lanes without signaling.  Mounsey—who observed appellant leaving the
parking lot, but witnessed no moving violation prior to detaining him—made the
stop solely upon the word of Eads, who had told him that the “probable cause”
to stop was based on a lane change without signaling.  Mounsey, however, never issued a citation for
this offense; he instead issued a citation for making an “improper left turn,
exiting a drive way,” an “offense” that Mounsey later determined was not an
actual traffic violation.  According to
Mounsey, he cited appellant because he had believed, based upon Eads’ radio
communication, that was the reason for the stop.  Mounsey also testified—in contradiction to
his own testimony earlier during the hearing—“All I was told was that they had
probable cause but there was no
explanation as to what it was for.” 

The defense
introduced photographs of appellant’s car and called appellant’s girlfriend,
Alexia Wilburn, the defense’s sole witness, to testify as to the dark tint of
appellant’s car windows.  The defense
argued that the darkness of the tinted windows cast doubt upon Eads’s testimony
that he witnessed a drug deal inside appellant’s car.  The defense also argued that Eads could not
observe the alleged traffic violations from his location. Furthermore, relying
upon Mounsey’s testimony, the defense argued that Eads did not convey
sufficient “probable cause” information to allow Mounsey to make the stop.

The trial
court denied appellant’s motion to suppress without stating the basis for its
order.  Appellant did not ask the court
to provide any written findings of fact.  See State v. Cullen,
195 S.W.3d 696, 699 (Tex. Crim. App. 2006) (holding that “upon the request of
the losing party on a motion to suppress evidence, the trial court shall state
its essential findings”).  

Reasonable suspicion

In his sole
point of error, appellant asserts that the
trial court erred in denying his motion to suppress because the arresting
officer, Mounsey, “had no objective basis to believe that his action of
stopping [appellant] was appropriate because it was unknown whether the
individual issuing the radio communication to [Mounsey] possessed specific
articulable facts that indicated [appellant] is, has been, or soon will be
engaged in criminal activity.”

A.           
Standard of
Review

In reviewing a trial court’s ruling on a motion to
suppress evidence, we apply a bifurcated standard of review, giving “almost
total deference to a trial court’s determination of historic facts” and
reviewing de novo the court’s application of the law of search and seizure to
those facts.  Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000)
(citing Guzman v. State, 955 S.W.2d
85, 88–89 (Tex. Crim. App. 1997)).  If
the issue involves the credibility of a witness such that the demeanor of the
witness is important, then greater deference will be given to the trial court’s
ruling on that issue.  Guzman, 955 S.W.2d at 87.  The trial court is the sole trier of fact and
judge of the credibility of the witnesses and the weight to be given to their
testimony in a motion to suppress hearing. 
State v. Ross, 32 S.W.3d 853,
855 (Tex. Crim. App. 2000).  Accordingly, the trial court may believe or
disbelieve all or any part of a witness’s testimony, even if that testimony is
not controverted.  Id.  

Here, the trial court denied appellant’s motion to
suppress without stating the basis for its order.  Absent findings of fact by the trial court,
we view the evidence in the light most favorable to the trial court’s ruling
and assume that the court below made implicit findings of fact in support
of its ruling as long as those are supported by the record.  Id.  We will uphold the trial court’s ruling
on a motion to suppress if supported by the record and correct under any theory
of law applicable to the case.  Id. at
856.

When an
individual is stopped without a warrant, the State bears the burden to prove
the reasonableness of the warrantless detention.  See Ford v. State, 158 S.W.3d 488, 492
(Tex. Crim. App. 2005).  “An officer conducts a lawful temporary
detention when he has reasonable suspicion to believe that an individual is
violating the law.”  Id.  The burden is on the State to elicit
testimony showing sufficient facts to create a reasonable suspicion.  Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). 


“Reasonable suspicion exists
if the officer has specific, articulable facts that, when combined with
rational inferences from those facts, would lead him to reasonably conclude that a particular
person actually is, has been, or soon will be engaged in criminal
activity.”  Ford, 158 S.W.3d at
492.  This objective standard disregards
any subjective intent of the officer making the stop and looks solely to
whether an objective basis for the stop exists. 
Id.  A reasonable suspicion determination is made
by considering the totality of the circumstances.  Id. 

When there
has been cooperation among officers, the cumulative knowledge of the
cooperating officers at the time of the stop is to be considered in determining
reasonable suspicion.  Hoag v. State, 728 S.W.2d 375, 380 (Tex. Crim.
App. 1987).  Under the collective
knowledge doctrine, it is not necessary for the detaining officer to know all of the facts amounting to reasonable
suspicion, as long as there is some degree of communication between the
arresting officer and the officer with
knowledge of all the necessary facts. 
See United States v. Ibarra,
493 F.3d 526, 530 (5th Cir. 2007); see
also Willhite v. State, 937 S.W.2d 604, 607 (Tex. App.—Houston [1st
Dist.] 1996, pet. ref’d) (citing Pyles v. State, 755 S.W.2d 98, 109 (Tex.
Crim. App.), cert. denied, 488 U.S. 986, 102 L. Ed. 2d 573, 109 S. Ct.
543 (1988)).  The requisite “reasonable
suspicion may be transferred from one officer to another so that a valid
detention may be effected.”  Willhite,
937 S.W.2d at 607.  

B.            
Discussion

Appellant argues that Mounsey was without any objective basis to believe that his
stop of appellant was appropriate because he did not know if Eads
possessed specific articulable facts indicating that appellant was or would
soon be engaged in criminal activity.    

As the sole
trier of fact and judge of the credibility of the witnesses and the weight to
be given to their testimony, the trial court could believe or disbelieve all or
any part of a witness’s testimony.  Ross, 32 S.W.3d at 855.  Because the court issued no findings of fact,
we are bound to assume that it made implicit findings in support of its
ruling.  Id.  We must further assume
that the court believed Mounsey when he testified that Eads told him that there
was “probable cause” to stop appellant for a “failure to signal,” even though
the actual citation was issued for an entirely different—and
non-existent—“violation.” 

By that
same token, we must further assume that the court disbelieved Mounsey’s later testimony that he was never told the
factual basis for the stop  (“All I was
told was that they had probable cause but there
was no explanation as to what it was for.”).

Although
Mounsey issued a citation for a non-existent violation, and gave
self-contradictory testimony that also conflicted with the testimony of Eads,
the trial court is the finder of fact. 
Because it is supported by the record, we must defer to the trial
court’s implied finding.  See Ross,
32 S.W.3d at 855.  

Appellant refers us to Hayes v. State, 132 S.W.3d 147, 154 (Tex. App.—Austin 2004, no
pet.) as support for his argument. 
Appellant’s reliance upon Hayes
is misplaced, however, as Hayes is
distinguishable from the present case. 
In Hayes, an officer detained
a suspect walking down the street based purely upon an earlier
account of another officer who suggested that this individual was
associated with two girls who had recently been arrested.  The court of appeals held that the detaining
officer’s reliance on an account of suspicious association, without more, did
not constitute an objectively reasonable basis to detain appellant.  Hayes,
132 S.W.3d at 154.  In reaching its
holding, the court distinguished Hayes
from other cases involving the collective knowledge doctrine by noting that the
officer “did not stop appellant pursuant to any wanted flyer, bulletin, or even
at the request of another officer.”  Id.  Unlike
in Hayes, the detaining officer in
this case, Mounsey, stopped appellant at the request of Eads.  Moreover, Mounsey did not detain appellant
based upon a vague account of past suspicious association; Mounsey testified
that appellant’s detention was for a contemporaneous traffic violation.  

Under the
collective knowledge doctrine, reasonable suspicion may be transferred from one
officer to another.  Willhite, 937 S.W.2d at 607.  It is not necessary for the detaining officer
to know all of the facts amounting to reasonable suspicion, as long as there is
some degree of communication between the arresting officer and the officer with
knowledge of all the necessary facts.  Ibarra, 493 F.3d at 530; Willhite, 937 S.W.2d at 607.  Here, Eads, the officer with knowledge of the
necessary facts, testified that he informed Mounsey that he had observed
appellant change lanes without signaling. 
It was within the trial court’s discretion to believe the officer’s
testimony.  

 We overrule appellant’s sole point of
error.  

 




CONCLUSION

We affirm the judgment of
the trial court.

 

 

 

 

 

 

                                                          Jim
Sharp

                                                          Justice

 

Panel
consists of Justices Jennings, Higley, and Sharp.

Do not
publish.  Tex. R. App. P. 47.2(b).











[1]           See Tex.
Health & Safety Code Ann. § 481.112(a),(d) (Vernon 2003); Tex. Penal Code Ann. § 12.42(d) (Vernon Supp. 2008).  





[2]           Although
appellant pled guilty without an agreed recommendation, his plea did not
forfeit his complaint on appeal because the judgment of guilt would not have
been rendered independent of the claimed error. 
See Young v. State,
8 S.W.3d 656, 667 (Tex. Crim. App. 2000) (holding that because judgment of
Young’s guilt was not rendered independently of trial court’s ruling on motion
to suppress evidence of offense, and judgment would not be supported without
that evidence, error not waived by plea of guilty); Hargrove v. State, 40 S.W.3d 556, 558–59 (Tex.
App.—Houston [14th Dist.] 2001, pet. ref’d) (concluding that plea was not
independent of ruling on motion to suppress because there would have been no
case had trial court agreed to suppress evidence of drug possession). 





[3]           See Tex.
Health & Safety Code Ann. § 481.112(a),(d) (possession with intent
to deliver more than four but less than two-hundred grams of controlled
substance a first degree felony).