**Affirmed and Memorandum Opinion filed April 29, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-01041-CR
### NO. 14-12-01042-CR

---

## MELVIN TAYLOR, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause Nos. 1313744 and 1313745**

---

## M E M O R A N D U M   O P I N I O N

Melvin Taylor, Jr. entered a plea of guilty to two counts of possession of a controlled substance. In accordance with the terms of a plea agreement with the State, the trial court sentenced appellant to confinement for nine months in state jail. The sentences were ordered to run concurrently. Taylor appeals his conviction claiming the trial court erred in denying his motion to suppress

evidence and the evidence is insufficient to support the court costs reflected in the judgment in each case. We affirm.

## I.    BACKGROUND

Appellant was stopped for a traffic violation and it was determined there was an outstanding warrant for his arrest. Appellant was taken into custody and, when searched at the jail, was found to be in possession of cocaine and amphetamine pills. After appellant's motion to suppress the evidence was denied, he entered a plea of guilty pursuant to a plea agreement.

## II.    MOTION TO SUPPRESS

In his first issue, appellant claims the trial court erred in denying his motion to suppress evidence because it was obtained as a result of an illegal traffic stop. Appellant makes two arguments in support of his claim. First, that he did not fail to signal a turn "for not less than the last 100 feet of movement of the vehicle before the turn" in violation of section 545.104(b) of the Texas Transportation Code.[1] Second, that the officer who effectuated the stop did not have reasonable suspicion. Appellant also complains the traffic stop was pretextual. It is well established that an officer's subjective intent is relevant only to a credibility assessment of his stated reasons for stopping or arresting an individual. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). Where the facts and circumstances show that the traffic stop was lawful, the subjective reasons for such

---

[1] Appellant urges that section 545.104(b) is inapplicable in this case because the Legislature did not intend subsection (b) to apply to circumstances involving a stop sign. Appellant does not cite and we do not find any authority to support this construction of section 545.104. Instead, we note that our sister court rejected precisely this argument in *Lee v. State*, 06-07-00032-CR, 2007 WL 2274937, *2-3 ((Tex. App.—Texarkana 2007, pet ref'd) (mem. op., not designated for publication).

detention are irrelevant.  *See Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).

In reviewing a trial court's ruling on a pretrial motion to suppress, we should afford almost total deference to the trial court's determination of the historical facts that are supported by the record, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *State v. Elias*, 339 S.W.3d 667, 673 (Tex. Crim. App. 2011).  The same amount of deference should be afforded to trial courts' rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor.  *Id.*  "Mixed questions of law and fact" not falling within this category may be reviewed de novo.  *Id.*  Because the trial court did not make explicit findings of fact in this case, we review the evidence in a light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact supported by the record. *Castro v. State*, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007).

Violation of a traffic law in an officer's presence is sufficient authority for an initial stop.  *Armitage v. State*, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982). In general, the decision to stop an automobile is reasonable when an officer has probable cause to believe that a traffic violation has occurred.  *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000); *see also Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996).

Detective Kenneth Martin of the La Porte Police Department testified that he and his partner, Detective Fullbright, set up surveillance on a vehicle parked in front of a residence in the 100 block of South Carroll.  Detective Martin observed a black male exit the residence and enter the vehicle.  The vehicle travelled to another residence, in about the 300 block of South Carroll.  The male exited the

3

vehicle, entered the residence, and returned to the vehicle within a few minutes. The vehicle was travelling south on South Carroll. At the intersection of South Carroll and Park Street, the vehicle came to a stop at the stop sign. No turn signal was made. The vehicle made a right-hand turn and was now travelling eastbound on Park Street.

Detective Martin contacted Officer Walters on the radio for a marked unit with a patrol officer in it because Detectives Martin and Fullbright were in an unmarked vehicle and in plain clothes. Detectives Martin and Fullbright continued down Park Street and observed the vehicle turn right onto Garfield. The vehicle came to the intersection of Garfield and Broadway and came to a stop at the stop sign. After the vehicle came to a stop, the driver signaled a left turn. After the vehicle turned, Officer Walters pulled in behind the vehicle, initiated his overhead lights, and performed the traffic stop.

On cross-examination, in contrast to his testimony on direct, Detective Martin testified appellant was stopped for failing to signal the required distance when the vehicle was on South Carroll approaching Park Street. No signal was turned on until the vehicle had come to a stop at the stop sign. On re-direct, Detective Martin again testified that appellant was stopped for failing to signal the required distance before turning.

Detective Fullbright of the La Porte Police Department testified the vehicle failed to signal the required distance before making a turn on two occasions. The first violation occurred when the vehicle turned from South Carroll onto Park Street. According to Detective Fullbright, the vehicle came to a complete stop before the signal to turn was made. The second violation occurred when the vehicle turned from Garfield onto South Broadway.

4

Officer Daniel Walters of the La Porte Police Department testified he was contacted by Detective Martin via police radio requesting a unit for a traffic stop. Officer Walters informed Detective Martin that he was in the area. Detective Martin gave Officer Walters a description of the vehicle and advised him that they had probable cause for the stop. Officer Walters stopped the vehicle. Officer Walters did not observe the traffic violations.

Officer Alvin Goonie of the La Porte Police Department was called to transport the appellant after he was taken into custody. A search was conducted at the jail and Officer Goonie recovered a small plastic bottle from appellant's crotch area. The bottle contained a number of assorted pills and was turned over to Detective Martin. Officer Goonie did not observe the traffic violations.

Appellant testified that he was aware of being followed by an unmarked car. According to appellant, he turned his signal on approximately 250 feet before the stop sign at the intersection of South Carroll and Park Street. Appellant testified that Detectives Martin and Fullbright were mistaken that he did not signal a turn until after he had come to a stop. Appellant also testified that when he approached the intersection of Garfield and South Broadway, he signaled a turn approximately 150 feet to 200 feet before the intersection.

In this case, as in *Elias*, there was evidence that an officer observed there was no turn signal flashing as appellant approached either intersection. "From an objective viewpoint, this observation would suffice to support a reasonable inference that [appellant] was about to violate Section 545.104(b) of the Transportation Code—which, indeed, he *did* violate when, as [the officer] observed, he shortly thereafter executed the turn." *Elias*, 339 S.W.3d at 675. The testimony of Detectives Martin and Fullbright support a legal conclusion that there existed at least a reasonable suspicion that a traffic violation had occurred. *See*

5

*Tucker v. State*, 183 S.W.3d 501, 508 (Tex. App.—Ft. Worth 2005, no pet.) (where the officer's testimony was clear that at least at the time the car reached the stop sign the driver had not signaled to turn, the trial court properly determined there was probable cause to stop the vehicle due to a traffic violation). Although appellant's testimony contradicted that of the two detectives, we defer to the trial court's determination on questions of fact, especially when based on an evaluation of credibility and demeanor. *See Elias*, 339 S.W.3d at 673. Viewing the evidence in a light most favorable to the trial court's ruling, we find the record supports the trial court's implicit finding of fact that there was probable cause to believe a traffic violation had occurred.

Appellant further argues that the stop was illegal because it was made by Officer Walters, who did not observe the traffic violations. A police officer who does not possess probable cause himself may rely on information that is transmitted to him by other officers. *See Willhite v. State*, 937 S.W.2d 604, 607 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (citing *Pyles v. State*, 755 S.W.2d 98, 109 (Tex. Crim. App. 1988)). *See also Woodward v. State,* 668 S.W.2d 337, 344 (Tex. Crim. App. 1982) ("When there has been some cooperation between law enforcement agencies or between members of the same agency, the sum of the information known to the cooperating agencies or officers at the time of an arrest or search by any of the officers involved is to be considered in determining whether there was sufficient probable cause."). Accordingly, the fact that Officer Walters made the stop did not render it illegal for lack of probable cause.

We therefore conclude the trial court did not abuse its discretion in denying the motion to suppress. Appellant's first issue is overruled.

### III. COURT COSTS

In his second issue, appellant claims there is insufficient evidence to support the court costs assessed in the judgment in each case. The records in each case contain a computer-screen printout of the Harris County Justice Information Management System (JIMS) "Cost Bill Assessment" that itemizes the accrued court costs, is certified by the district clerk, and is signed by a deputy clerk. This is a compliant bill of costs. *See Johnson v. State*, PD-0193-13, 2014 WL 714736, *4–5 (Tex. Crim. App. Feb. 26, 2014); *Perez v. State*, No. 14-12-00893-CR (Tex. App.—Houston [14th Dist.] April 22, 2014, no pet. h.) (mem. op., not designated for publication). There being no challenge to any specific cost or the basis for the assessment of such cost, the bill of costs supports the costs assessed in each judgment. Appellant's second issue is overruled.

For these reasons, the order of the trial court is affirmed.


/s/     John Donovan
        Justice


Panel consists of Justices McCally, Busby, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).

7